think it was error, therefore, to grant a jury trial at the instance of one side.

"As to the other exceptions, we see nothing in the case which shows that his honor made any ruling on the subject of the common source of title, whether they had been proved or not. It is true that he sustained defendants' exceptions to the referee's report, in which this point was raised, and he overruled said report, in which it had been found that there was no evidence of a common source of title. But we suppose that his honor, having ordered an issue for the jury, necessarily overruled the report of the referee as a consequence of an issue being sent to a jury, and without regard to the merits of the report, whether well founded or not."

OPINION by MR. CHIEF JUSTICE SIMPSON, February 14, 1890. *W. S. Tillinghast.* for appellant. *E. F. Warren,* contra.

No. 2538. STANTON *v.* ALLEN. November Term, 1889. On October 30, 1886, plaintiff, a widow of about 60, living alone on her farm of 34 acres and possessed of some personalty, executed an agreement whereby she professed to lease said farm to her niece, Sarah A. Allen, and husband, "to hold for a term during my natural life; and the said Samuel D. Allen and S. A. Allen promises and agrees to let the said Charlotte Stanton occupy and remain with them as one of their family during her life-time, and obligates to take care of her during sickness and health, also to support and sustain and pay all necessary expenses pertaining to her welfare and happiness during her life, to pay all doctor's bills and taxes on said premises as above stated, and not to permit any other person or persons to occupy the same or any part thereof during her life, and if the said Samuel D. Allen and S. A. Allen, lessees, shall fail to comply with the above agreement as aforesaid, they will vacate and leave said premises without any recourse of law whatever."

The Allens not being willing to remove from their home in North Carolina on these terms, plaintiff executed and delivered, on November 4, 1886, a deed of gift to "Sarah A. Allen and the natural lawful heirs of her body and their assigns forever, all of my real estate, consisting of 34 acres of land on which I now reside, * * * also all my personal effects that I may own or pos-

sess at my death, together to have and to hold all and singular the said premises belonging or in any wise incident or pertaining, unto the said S. A. Allen and the heirs of her body. To have and to hold all and singular the said premises before mentioned, unto the said S. A. Allen, her heirs and assigns, against myself, my heirs, and all persons lawfully claiming or to claim the same, or any part thereof; provided, the Samuel D. Allen, and wife, Sarah A. Allen, conform strictly to and with certain agreements entered into with me on the 30th day of October, 1886, in regard to my support during my life, then this deed of conveyance is to remain in full force and effect, and to take effect at my death; and in case of a non compliance on the part of Samuel D. Allen and Sarah A. Allen as per agreement, then this deed shall be of no effect and null and void, otherwise in full force and effect."

The Allens thereupon took possession, and they and plaintiff lived together until October, 1887, when plaintiff left, and complaining of bad treatment and non-support, demanded judgment *inter alia* for a cancellation of the deed of gift. On testimony heard by him, the Circuit Judge (Pressley) held that defendants had performed the conditions of the gift, and that the deed had not become void. He further held: "My construction of said deed is, that plaintiff is entitled to the possession of her personal property during her life-time; she is also entitled to return to her home, and to receive there all the respect and attention due to her age and circumstances, and her reasonable support."

Plaintiff appealed. *Held*—

1. Where there is much conflict of testimony (as in this case), this court will rarely, if ever, disturb the finding below. The finding affirmed.

2. Under this finding of fact, there was no error in decreeing that defendants were entitled to retain possession of the land. Receiving a boarder into the family did not violate the condition "not to permit any other person to occupy the same."

3. The point that the deed conveyed nothing *in presenti* was not raised in the pleadings nor considered on Circuit, but even if the legal title did not pass *in presenti*, the defendants were entitled to take immediate possession under the terms of the deed and the incorporated agreement, and to retain such possession so

long as they complied with their covenant to support and care for plaintiff.

Judgment affirmed. OPINION by MR. JUSTICE McIVER, February 20, 1890. *T. W. Bouchier* and *Townsend & McLaurin*, for appellant. *Knox Livingston*, contra.

No. 2544. CANTRELL *v.* FOWLER. November Term, 1889. Plaintiff sued defendant for rent of a store-house in Spartanburg. Defendant denied the allegations of the complaint, and in further defence claimed that the house was rented by defendant upon the express condition that plaintiff was to do certain repairs necessary to keep the house from leaking; that this agreement on the part of plaintiff was not complied with, and, as a consequence thereof, defendant's goods were so much injured by leakage that he had to abandon the premises before the term expired; and that plaintiff subsequently rented the premises to another person, one Tolleson, for the remainder of the term. Defendant also set up two counter-claims—one for damages sustained by the injury of his goods from leakage; and, second, an account for goods sold by defendant to plaintiff. To these counter-claims plaintiff replied, denying the same.

There was testimony in support of the defendant's answer. Plaintiff's testimony was that he had made no contract to repair, but had nevertheless made unsuccessful efforts to stop the leakage, which really came from open windows of the upper floor, and that in consequence of such leakage plaintiff had agreed to let defendant hold the store at a reduced rent. The case was heard before Hudson, J. The verdict was for plaintiff. Defendant moved for a new trial, which was refused, and he then appealed, alleging error in such refusal and in two portions of the charge. *Held*—

1. The new trial having been moved on a pure question of fact, this court cannot declare error in its refusal.

2. In the absence of any contract on the part of the landlord to repair, he was not bound to make any repairs; and, if they were made by the tenant, he could not claim any deduction from the rent on that account. This was undoubtedly correct, as may be seen by reference to the case of the *City Council* v. *Moorhead*, 2 Rich., 430. Indeed, it seems to be conceded in the argument