Hugh Merancy Murphy, Respondent, v. James W. Whitney, Aurelia W. Moore and Mary Murphy, Appellants.

*Specific performance of a partly executed agreement concerning lands, not in writing.*

Courts of equity will enforce the specific performance of a contract concerning lands, although it is not in writing, when it has been performed on one side and when otherwise one party would be enabled to commit a fraud upon the other.

A complaint alleged that the owner of certain real estate left, at his death, seven children, sons and daughters, surviving him, who then became tenants in common of the real estate; one of the sons married and had a son, the plaintiff; none of the other children married; all the children, on reaching majority, entered into an agreement that the property should be held in common for the joint use of all, as from time to time they might be living, and that on the decease of any of them, his or her interest was to vest in the survivors, until the title was concentrated in the last survivor, on whose death it should pass to the plaintiff; this agreement was respected by the brothers and sisters, and by deeds and wills they conveyed and devised their interests to each other, until all had died but one sister. The complaint further alleged that this sister, who was made a defendant, was old and feeble, and had been induced by the other defendants to convey the property to them without consideration, and prayed for the establishment of the said trust agreement and for the setting aside of the conveyances made by the defendant, the survivor, to the other defendants, and for an accounting.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and claimed that the alleged agreement was void under the statute, as creating an illegal suspension of the power of alienation and because not in writing, and that the plaintiff had not such an interest in the real estate as authorized him to maintain the action.

*Held,* that, assuming that the agreement so far as unexecuted was void under the statute, the defendant, the survivor, could not be compelled to convey or devise to the plaintiff the undivided one-seventh of the real estate owned by her as a tenant in common with her brothers and sisters, but that as to the other six-sevenths, as to which the agreement had been executed by the other tenants in common by conveying and devising their shares to her, she would not be permitted to repudiate the agreement under which she had taken title, as such a repudiation would be a fraud upon all her deceased brothers and sisters, and that on her death such shares should go to the plaintiff;

That the plaintiff, as the equitable owner of the reversion of the six-sevenths of the real estate which had come to the defendant as survivor under the agreement, could maintain the action.

Appeal by the defendants, James W. Whitney, Aurelia W. Moore and Mary Murphy, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of Genesee county

on the 18th day of February, 1893, upon a decision of the court rendered at Special Term, overruling the defendants' demurrer to the plaintiff's complaint.

The action was brought to set aside certain conveyances of property as having been made by the defendant Mary Murphy in fraud of a certain trust agreement. The complaint prayed that the trust agreement be established and that the conveyances made by the defendant Mary Murphy be set aside, and that an accounting be ordered.

*Q. Van Voorhis*, for the appellants.

*M. H. Peck, Jr.*, for the respondent.

Haight, J.:

This action was brought for the purpose of establishing a trust agreement, the setting aside of various conveyances of real estate from the defendant Mary Murphy and her sister to the defendants James W. Whitney and Aurelia W. Moore, and for an accounting, etc. The defendants demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

The complaint is very voluminous, and a detailed statement of the facts would fill many pages. We are asked to consider three questions, and the allegations upon which they are founded may be briefly stated.

Hugh Murphy, the grandfather of the plaintiff, died at Le Roy, Genesee county, in the year 1826, possessed of the real estate in question, and leaving him surviving three sons and four daughters. Upon his death the seven children became tenants in common of such real estate. One of the sons, Joseph Merancy Murphy, was married about the year 1837, and the plaintiff is the issue of such marriage. None of the other children married. After they had reached their majority, "by a common agreement and understanding between them, it was understood and agreed that the said lands and buildings constructed thereon were to be held by them as property in common, for the joint use of all, as from time to time they might be living; and on the decease of any of them the interest of such deceased person was to vest in the survivor or survivors, for the purpose aforesaid, until the title and interest in the same was

and was to be concentrated in the last of such survivors; and that the title and interest of and in said property on the death of the last of such survivors was to pass to and become vested in the said Hugh Merancy Murphy, plaintiff herein, as the sole representative of the family name and estate of the Murphy family aforesaid; that such transmission of interest and estate was to be made through descent or by will, as might best serve to accomplish the purpose so agreed upon." This understanding or agreement was respected by the brothers and sisters. And for the purpose of carrying it out, the brothers conveyed their interest in the real estate to the sisters. The sisters, on the 20th day of April, 1857, each executed a will, in which she devised her interest in the real estate to such of her sisters as survive, and if none survived, then to the plaintiff. Later, one of the sisters conveyed her interest to the surviving sisters. And still later, other wills were made by the survivors, containing provisions in substance the same as in the former wills, so far as concerned the real estate, but containing some slight variation as to bequests of the personal estate. Thus was the title transmitted to the survivors. One after another of the brothers and sisters died. And the defendant Mary, who, at the date of the bringing of this action was ninety-five years of age, alone survives with the plaintiff, her nephew. It is alleged that she is weak, feeble, infirm and mentally and physically unable to properly transact business; that the defendants Whitney and Moore have, by false and fraudulent statements, prejudiced her against the plaintiff, and induced her to convey to them, without any consideration, from time to time, the lands and property of the estate; that they have induced her to sell lands to other parties, and they, or one of them, have converted the proceeds, etc.

It is claimed, *first,* that the alleged agreement is void, under the statute which provides that "The absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of not more than two lives in being at the time of the creation of the estate." (1 R. S. 723, § 15.)

*Second.* That the agreement is void, because not in writing. (2 R. S. 134, § 6.)

*Third.* That the plaintiff has not such an interest in the real estate as will authorize him to maintain this action.

The first two questions, we shall consider together, and shall assume for the purposes of this case that the agreement, in so far as it remains wholly unexecuted, is void under the provisions of the statute referred to. The agreement remains unexecuted so far as the defendant Mary Murphy is concerned. She, as a tenant in common with her brothers and sisters, was the owner of an equal undivided one-seventh part of the real estate. The agreement being void she cannot be compelled to convey or devise the same to the plaintiff. But her situation as to the other six-sevenths is different. Her title to that has come through her brothers and sisters, with the understanding and agreement that she should have the use of it during life, and that the remainder should go by descent or devise to the plaintiff. The agreement has been fully executed by all of her brothers and sisters who were tenants in common with her. They have each conveyed by deed or devised by will the real estate to her in accordance with the terms of the agreement. She was a party to the agreement, has taken title under it, the agreement has been executed as to all of her co-tenants in common, and to permit her now to repudiate it would be to sanction a fraud upon all of her deceased brothers and sisters. This cannot be done, either under the principles of estoppel or under the statute. Section 10 of the statute referred to provides (2 R. S. 135) : "Nothing in this title contained shall be construed to abridge the powers of Courts of Equity to compel the specific performance of agreements in cases of part performance of such agreements." As we have seen, the agreement has been already performed by all of her co-tenants in common. Under this provision of the statute the power is expressly reserved to courts of equity to compel specific performance in such cases. And in Ryan v. Dox (34 N. Y. 307, 311), DAVIES, Ch. J., in delivering the opinion of the court, says : " It is well settled that Courts of Equity will enforce a specific performance of a contract within the statute when the parol agreement has been partly carried into execution. (2 Story Equity, Section 759.) And the distinct ground upon which Courts of Equity interfere in cases of this sort is, that otherwise one party would be enabled to practice a fraud upon the other, and it could never be the intention of the statute to enable any party to commit such a fraud with impunity. Indeed, fraud in all cases constitutes an answer to the most solemn acts and conveyances,

and the objects of the statute are promoted, instead of being obstructed, by such a jurisdiction for discovery and relief. And when one party has executed his part of the agreement, in the confidence that the other party would do the same, it is obvious that if the latter should refuse it would be a fraud upon the former to suffer his refusal to work to his prejudice."

In *Wood* v. *Rabe* (96 N. Y. 414, 422), ANDREWS, J., says : " But there is a large class of so-called constructive trusts, or Trusts *ex maleficio*, where Courts of Equity treat the holder of the legal title to land as a trustee, and, through the medium of an assumed trust, make that title subservient to the circumvention of fraud and the attainment of justice. Trusts of this character are not, I assume, within the exception in the statute." (See, also, *Moyer* v. *Moyer*, 21 Hun, 67.)

Has the plaintiff such an interest as will enable him to maintain the action ? It is alleged, as we have seen, that the defendant Mary Murphy has conveyed away all of the farm. By this act she has put it beyond her power to perform the agreement. If, as we have seen, she held six-sevenths of the real estate in trust under an agreement to devise, or to permit it to descend under the statute to the plaintiff, then he was the equitable owner of the reversion, and as such, we think, could maintain the action. (*Youngs* v. *Carter*, 10 Hun, 194 ; *Piper* v. *Hoard*, 107 N. Y. 73.)

The judgment should be affirmed, with costs, but with leave to the defendants to withdraw demurrer and answer within twenty days, upon payment of the costs of the demurrer and of this appeal.

DWIGHT, P. J., LEWIS and MACOMBER, JJ., concurred.

Interlocutory judgment appealed from affirmed, with costs, but with leave to the defendants to withdraw demurrer and answer over within twenty days upon payment of the costs of the demurrer and of this appeal.