## JULIA F. PEAKS *vs.* MELVILLE L. COBB.

Suffolk.    December 11, 1907. — February 28, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Landlord and Tenant,* Covenant against subletting.  *Lodger.*   *Words,* " Occupy or improve."

A covenant by the lessee, in a lease of a part of a building owned by the lessor, not to " lease, nor underlet, nor permit any other person or persons to occupy or improve the same, or make or suffer to be made any alteration therein but with the approbation of the lessor thereto in writing," is not broken by the lessee if he allows a lodger to occupy one of the rooms included in the lease under a contract by which the lodger pays a certain price per week for the room and its furnishings and care provided by the lessee.

TORT for injuries received by the plaintiff alleged to have been due to a defective walk on premises occupied by a building of the defendant wherein she had lodgings with one of the defendant's tenants.   Writ in the Superior Court for the county of Suffolk dated March 25, 1901.

There was a trial before *Bond,* J.   At the conclusion of the evidence the defendant requested that a verdict for him be directed, and his request was refused.   Thereupon, by agreement of parties, a verdict for the plaintiff was returned and the case was reported by the presiding judge to this court for the determination of the question whether, because of the clause in the lease described in the opinion, the plaintiff was precluded from recovering.   Other facts are stated in the opinion.

*W. H. Hitchcock,* for the defendant.

*H. C. Attwill, (A. T. Smith* with him,) for the plaintiff.

KNOWLTON, C. J.   The defendant leased the premises in his building to one Mrs. St. Leger.   The plaintiff was injured upon a walk leading to the building, which was alleged to have been negligently left by the defendant in a dangerous condition.   It was assumed at the trial that if the plaintiff was a member of Mrs. St. Leger's household, lawfully claiming in her right, there was evidence proper for the consideration of the jury.

In the defendant's lease to Mrs. St. Leger there was a covenant of the lessee not to " lease, nor underlet, nor permit any

other person or persons to occupy or improve the same, or make or suffer to be made any alteration therein, but with the approbation of the lessor thereto in writing." The plaintiff occupied a room in the premises leased to Mrs. St. Leger, under a contract with her to pay a certain price per week for the room and its furnishings and the care of it, which care was provided by Mrs. St. Leger. The defendant contends that this contract was a violation of the covenant in the lease, and that the plaintiff was not rightfully there, and that the defendant owed her no duty. The only question submitted to us is whether the evidence in regard to the covenant in this lease made it the duty of the judge to order a verdict for the defendant.

It was decided in *White* v. *Maynard*, 111 Mass. 250, that such an arrangement with a lodger is not a leasing or underletting of the premises within the meaning of such a covenant. See also *Day* v. *Lawrence*, 167 Mass. 371, 374.

The principal contention of the defendant is that the words " nor permit any other person or persons to occupy or improve the same," refer to a different kind of occupation from that of a tenant, and that they forbid one holding under such a lease to contract with a boarder or lodger for the occupation by him of specific rooms in the leased premises. We think that this contention is erroneous. The words " occupy or improve " are used here in reference to a possession which would enable one to maintain trespass against an intruder. They are joined to the earlier part of the covenant, not to add another kind of prohibited occupation to that which is previously forbidden, but to prevent the tenant from suffering or permitting a sub-tenancy, as well as from actively creating it.

We are of opinion that no breach of the covenant was shown, and that there is nothing in this part of the evidence to preclude the plaintiff from claiming in the right of the defendant's lessee.

*Judgment on the verdict.*