ELSIE M. COFFMAN, Petitioner, Appellant, v. MATTIE L. GALE, Respondent.

Third Department, June 25, 1936.

*Pearis & Resseguie* [*Morris Pouser* of counsel], for the petitioner-appellant.

*Chernin & Gold* [*A. E. Gold* of counsel], for the respondent.

RHODES, J. The question for our determination is whether the relation of landlord and tenant existed between the parties hereto.

About 1924 one Baron A. Gale purchased the property in question, which is located in the town of Chenango, Broome county, N. Y., which comprised five and one-half acres, and at the time there were no buildings upon it. He built a house and occupied about five acres of the tract, allotting to Lewis, his son, and his son's wife (she being the respondent herein), about one-half acre which he staked out, and told them to go ahead and build their house on the lot, and they accordingly built a house thereon. It is not clear whether the land was staked out before or after the son's house was built.

Respondent says that Baron A. Gale said, " for us kids to go ahead and build our home and when we got it built he would give us a deed to it." Baron says that he told them he would give them the property " when I was through," meaning after his death. He also says that he meant to leave it to them by will, and further, that he intended to will the property to his son; " I was going to give him what I had left." Both the son and daughter-in-law contributed their efforts in the building of the house.

In 1933 Lewis and respondent, because of marital difficulties, separated and signed a separation agreement dated August 31, 1933, by which they agreed to live apart for a period of one year, and that the wife should be entitled to live upon and have possession of the premises in question, the husband agreeing to pay all taxes thereon, except water rents, and to cause water to be installed on the premises and to repair the furnace thereon; the wife to have exclusive custody of their infant child and to receive from the husband for the support of herself and child fifty dollars per month. At the time the agreement was prepared, Mrs. Gale was represented by counsel and separate counsel represented her husband and also her father-in-law, Baron. The attorney who then acted for Baron and Lewis was called as a witness herein and testified that at the time the agreements of the parties were incorporated in the written separation contract he, the attorney, stated in the presence

of Baron, Lewis, his wife and her attorney, " that Baron A. Gale was the legal owner of the premises mentioned and that nobody would have a right to stay there unless he signed a written consent, and Mr. Gale said, for the purpose of that, letting the agreement go through, that he would sign a written consent for the space of one year. At the end of the year the parties would be left to their rights, that is, Mrs. Gale could either bring an action for separation or bring a proceeding in Children's Court for support of herself and child."

Baron accordingly signed a writing which was attached to the separation agreement and which is as follows:

" The undersigned being the record owner of the property described in the above agreement, hereby consents that the Wife above mentioned shall occupy the premises described in the agreement and shall have the exclusive possession of the same during the term of this agreement.

" (Signed)   BARON A. GALE (L. S.) "

This writing was acknowledged by him on September 2, 1933.

Later, and about the 27th day of April, 1935, Baron conveyed the premises in question to the petitioner herein, and this proceeding was commenced about July 15, 1935. The learned court below dismissed the proceeding by the order appealed from herein and stated: " I have given the said agreement and the evidence in relation thereto the most favorable consideration possible in favor of the petitioner's contention, but I am not able to be convinced that said instrument does create the relationship of landlord and tenant, either as a fact or of law."

The agreement signed by Baron A. Gale does not establish conclusively an intention to create the relationship of landlord and tenant. Different inferences may be drawn from the language of the instrument and from the attendant circumstances as to the intent of the parties. (*Preston* v. *Hawley*, 101 N. Y. 586; as to intent see discussion in *Bostwick* v. *Frankfield*, 74 id. 207.)

It seems a proper inference that the father, being interested in his son's welfare, was anxious to promote an agreement between the son and the son's wife, and that the parties intended and understood the agreement signed by Baron to be in the nature of a covenant not to sue for a determination of the rights of the parties in and to the premises. Such interest on the part of Baron, and the inducement of the wife thereby to enter into the separation agreement would furnish sufficient consideration for the making of the agreement signed by Baron. The rights of the wife in the premises were uncertain and could only be determined by a lawsuit.

The wife testified that during the time the agreement was being prepared, " I didn't have any money at the time to start anything, and it was agreed that at some time it would have to come before the courts, start a litigation, to determine my rights." It may be that she had enforcible rights therein. (*Murphy* v. *Whitney*, 69 Hun, 573; affd., 140 N. Y. 541; *Pattat* v. *Pattat*, 93 App. Div. 102.)

While the consideration of the agreement to Baron may have been sufficient to support her right to possession undisturbed and unmolested for the period of one year, it appears that she held over and continued in possession thereafter. The agreement signed by Baron contains no stipulation for the payment of rent and there is nothing to indicate that any payment of rent has been demanded or is expected for the time she has held possession after the expiration of the year specified in his agreement, although at the expiration of the year's occupancy specified in the agreement of Baron he had the right to demand rent of the respondent for the ensuing period of occupancy. (*Adams* v. *City of Cohoes*, 127 N. Y. 175.)

Reservation of rent is one of the classic indicia of the relation of landlord and tenant, although not conclusive. (See 35 C. J., Landlord and Tenant, p. 953, § 8.)

The evidence warrants the conclusion of the court below as a matter of fact and as a matter of law that the relation of landlord and tenant did not exist between the parties hereto, and the petition was properly dismissed.

The order should be affirmed, with costs to the respondent.

McNAMEE and HEFFERNAN, JJ., concur; HILL, P. J., concurs with RHODES, J., and also for the additional reason stated in his memorandum; BLISS, J., concurs in the result.

HILL, P. J. (concurring). If respondent's version be accepted, she and her husband were entitled to a joint deed from his father, they having performed under his verbal grant. Her actual possession of the lands and premises was sufficient notice to all the world, including appellant, of the existence of any right which she is able to establish. (*Phelan* v. *Brady*, 119 N. Y. 587.) This record indicates that respondent claimed occupancy otherwise than as a tenant. The exact nature of her occupancy it is not necessary to determine. In summary proceedings the court has jurisdiction only where the conventional relation of landlord and tenant exists. Other issues were presented here.

I concur for affirmance.

Order affirmed, with costs.