HOME SAVINGS BANK OF THE CITY OF ALBANY, Plaintiff, *v.* WILLIAM J. HUNTER et al., as Surviving Heirs at Law of WILLIAM J. HUNTER, Deceased, et al., Defendants.

PRENTISS M. BROWN, as Administrator of the Office of Price Administration, Intervener.*

Supreme Court, Special Term, Albany County, March 29, 1943.

* See, also, *Long Branch Banking Co.* v. *Howland,* 133 N. J. Eq. 315.
— [REP.

*Joseph P. Keenan* for plaintiff.

*Arnold W. Wise,* Area Rent Attorney (*James Fleming, Jr.,* and *Saul N. Rittenberg* of counsel), for intervener.

BERGAN, J. Plaintiff is the owner of premises occupied by defendant Weiss. It acquired title from the deed of the referee who sold the property under a judgment of foreclosure obtained by plaintiff. Weiss was a tenant of the former owner. Plaintiff applies for a writ of assistance to remove the occupant and obtain possession of the property (Civ. Prac. Act, § 985). The Administrator of the Office of Price Administration, who has intervened, contends that the possession of the tenant may not be disturbed unless in conformity with the Act of Congress (Emergency Price Control Act of 1942) and the administrative regulations in pursuance of that Act, and, until such conformity has been shown, that the application must be denied.

Subdivision (d) of section 2 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 902) provides that the Administrator (the intervener here) may regulate '' renting or leasing practices (including practices relating to recovery of the possession) '' in areas to be fixed by him. On October 22, 1942, the Administrator issued a regulation affecting the area in which the property is located which provided, among other things, that no tenant shall be removed from housing accommodations by action to evict, or to recover possession '' or otherwise.'' (Maximum Rent Regulation No. 53, § 1388.286, subd. [a] eff. Nov. 1, 1942; 7 Federal Register 8596.) Removal is authorized under certain conditions upon certification of the Administrator [§ 1388.286, subd. (b)(1)] which has not been obtained here.

The application of plaintiff as a purchaser of the premises under a judgment of foreclosure and sale to be put in possession of the property under legal rights paramount to those of the occupant is clearly within the frame of the broad language of the regulation.

Plaintiff's argument is that the regulation exceeds the congressional delegation of authority to the Administrator. The statute authorizes the Administrator to regulate practices '' relating to recovery of the possession '' of housing accommodations [§ 2, subd. (d)]. The recovery of possession described

in the statute is broad enough to include the initial acquisition of possession by one who, through foreclosure, has succeeded to the rights of a former owner of real property. The word recovery in the sense used is not limited by necessary construction or implication to a situation where there has been antecedent possession in kind by the same party who now seeks it. It may mean, and I think it means here, the obtaining of possession initial as to the party seeking it, but derived from the adjudication of antecedent rights from which he derived his interest.

Motion denied, without prejudice to its renewal upon showing the certificate of the Administrator. No costs. Submit order.