On November 19th, 1942, complainant filed its bill to foreclose a mortgage on premises located in the City of Long Branch owned by the defendant Howland and occupied by the defendants Marinello as tenants. Final decree of foreclosure was entered on January 9th, 1943, and pursuant *Page 316 
thereto the mortgaged premises were sold by the sheriff of Monmouth County on February 23d 1943, to the complainant. The sale was duly confirmed by order of this court dated March 6th, 1943, and on March 16th, 1943, the sheriff executed and delivered to the complainant a deed for said premises. On April 9th and 10th the complainant exhibited said deed to the defendants Marinello and demanded possession of the premises, which was refused. On April 13th, 1943, complainant gave the Marinello defendants notice that he would apply to this court on April 22d for an order of possession. On that day, a petition for an order of possession was filed and an order was thereupon entered directing the said Marinello defendants to deliver possession of said premises to the complainant and in default thereof, that the complainant have leave to apply to this court for a writ of assistance. On April 30th, 1943, Prentiss M. Brown, Administrator of the Office of Price Administration, applied to this court for permission to intervene in this cause pursuant to section 205 (d) of The Emergency Control Act of 1942, 50 U.S.C. Appen. §§ 901,et seq., and such permission was accordingly granted by order entered herein on May 6th, 1943. Helena Rubenstein, Inc., v.Charlene Cut Rate, Inc., 132 N.J. Eq. 254. Upon such intervention the intervenor applied to have the order of possession vacated on the ground that the complainant had not complied with the provisions of the Emergency Price Control Act,supra, and the regulations issued pursuant to its authority, and particularly Maximum Rent Regulation No. 28, issued June 30th, 1942, effective July 1st, 1942, covering the area in which the premises here in question are located. Section 6 of said Regulation No. 28, entitled "Restrictions on Removal of Tenant," provides as follows:
"(a) So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise; nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which *Page 317 
provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless * * *"
Then follow certain exceptions, none of which are pertinent to this controversy. Subparagraph (b) (1) provides that no tenant shall be removed or evicted on grounds other than those listed in the exceptions unless upon certification by the administrator. No such certification has been obtained in this case. Subparagraph (d) (1) of the same section provides that a written copy of each notice to a tenant to vacate or surrender possession shall be given to the Area Rent Office within twenty-four hours after the notice is given to the tenant, and that "no tenant shall be removed or evicted from housing accommodations by court proceedings or otherwise" unless notice is given to the tenant and the Area Rent Office at least ten days prior to the time specified for surrender of possession "and to the commencement of any action for removal or eviction," stating the ground for removal and the time for surrendering possession. Subparagraph (d) (2) further requires that at the time of the commencement of any action to remove or evict a tenant, notice thereof must be given to the Area Rent Office. None of these required notices were given in this case.
The procedure followed by the complainant in obtaining his order of possession was the usual procedure in mortgage foreclosure cases in this court, and under ordinary circumstances the writ of assistance would be issued in this cause as a matter of course. But to the extent that the complainant's rights under the laws of this state and the practice of this court conflict with the Emergency Price Control Act, supra, or with the regulations of the Price Administrator issued pursuant thereto, those rights must give way. And there can be no doubt but that complainant's application for an order of possession and writ of assistance in this cause is a proceeding to remove a tenant from possession and falls within the provisions of the cited statute and the regulations. The complainant argues that the Marinello defendants' tenancy was terminated by foreclosure decree and that the relation of landlord and tenant between the complainant and *Page 318 
these defendants does not now exist (notwithstanding the tenants have attempted to attorn by tendering to the complainant the rent received), and that the act and regulations have no application to the circumstances of this case. But the language of the regulations above quoted indicates clearly that it is not limited to technical landlord and tenant actions. The words of section 6, subparagraph (a) "no tenant shall be removed * * * by action * * * to recover possession or otherwise," are broad enough to cover any type of removal proceedings, including any action brought by a person who, like complainant, had never been in possession.
My attention has not been called to any decision by any of the courts of this state which is dispositive of the issue here presented, but it would seem that the unreported decision of the New York Supreme Court in Home Savings Bank v. Hunter
(Supreme Court, Albany County, Special Term, March 17th, 1943, Mr. Justice Francis Bergan, presiding), while not binding on this court, should be followed in the interest of uniformity of the law, if for no other reason. The facts of that case are practically on all fours with that sub judice. In denying the plaintiff's application for a writ of assistance in that case the court said:
"The application of plaintiff as a purchaser of the premises under a judgment of foreclosure and sale to be put in possession of the property under legal rights paramount to those of the occupant is clearly within the frame of the broad language of the regulation.
"Plaintiff's argument is that the regulation exceeds the congressional delegation of authority to the Administrator. The statute authorizes the Administrator to regulate practices `relating to the recovery of the possession' of housing accommodations (Sec. 2(d)). The recovery of possession described in the statute is broad enough to include the initial acquisition of possession by one who, through foreclosure, has succeeded to the rights of a former owner of real property. The word recovery in the sense used is not limited by necessary construction or implication to a situation where there has been antecedent possession in kind by the same party who now seeks it. It may mean, and I think it means here, the *Page 319 
obtaining of possession initial as to the party seeking it, but derived from the adjudication of antecedent rights from which he derived his interest."
In view of my construction of the Emergency Price Control Act and the applicable regulations issued pursuant to the authority thereof, and on the authority of the above cited decision of the New York Supreme Court, I will advise an order vacating the order of possession advised herein on April 22d. This does not mean, of course, that the complainant is without remedy. He may apply to the Price Administrator for relief as provided in the regulations. Subsection (a) (5) of section 6 of Regulation No. 28 provides that the restrictions on removal of a tenant do not apply where "the landlord seeks in good faith to recover possession for the immediate purpose of demolishing the housing accommodations." The defendant Lena Marinello has filed an affidavit in this cause in which she says that
"The deponent is reliably informed, and verily believes, that the complainant, The Long Branch Banking Company, has entered into a contract for the sale of the premises, which are the subject matter of this suit, now occupied by her with her husband, with the Long Branch Board of Education. She is further informed, and verily believes, that the said purchaser, Long Branch Board of Education, intends to demolish the said structure, which is adjacent to the Garfield School, for the purpose of converting the premises into a playground."
This statement affords a substantial basis for an application to the Price Administrator for relief. The complainant admits the contract of sale, and it may well be that the public interest represented by the Long Branch Board of Education is paramount to that of the defendant tenants. But that is a question which must be answered by the Price Administrator in the first instance. Order accordingly. *Page 320