## BEALL v. EVERSON.
### No. 118.

Municipal Court of Appeals for the
District of Columbia.
Oct. 1, 1943.

Earl H. Davis, of Washington, D. C., for
appellant.

Samuel W. McCart, of Washington, D.C.,
for appellee.

Before RICHARDSON, Chief Judge,
and CLAYTON and HOOD, Associate
Judges.

HOOD, Associate Judge.

Appellant, owner of an apartment house,
sought to recover possession of an apart-
ment which had been leased to appellee.
The basis of the action was an alleged vio-
lation of a covenant in the lease not to "sub-
let the said premises or assign this lease in
whole or in part without the consent in
writing of said lessor."

No evidence was taken at the trial but it
was stipulated that at various times appellee
had rented a part of her apartment to room-
ers by whom she was paid a consideration.
Appellant contended this constituted a viola-
tion of the covenant against subletting. Ap-
pellee, claiming no written consent of the
lessor, contended that the taking of roomers
was not a subletting.

The record does not disclose the details of
the arrangement between appellee and those
who occupied rooms in her apartment, and,
in view of the stipulation, we accept their
status of "roomers" in the usual and ordi-
nary meaning of that term.

The distinction between a roomer
(or lodger) and a tenant is well settled. A
tenant is a purchaser of an estate,[1] entitled
to exclusive legal possession; but a roomer
has merely a right to the use of the prem-
ises.[2] The distinction was pointed out in
Coggins v. Gregorio, 10 Cir., 97 F.2d 948,
950, where the court said:

"To constitute the relation of landlord

---

[1] Lawler v. Capital City Life Insurance
Co., Inc., 62 App.D.C. 391, 68 F.2d 438;
Isquith v. Athanas, Mun.Ct.D.C., 33 A.2d
733.

[2] Mathews v. Livingston, 86 Conn. 263,
85 A. 529, Ann.Cas.1914A, 195; Pem-

brook v. Goldman, La.App., 176 So. 888;
White v. Maynard, 111 Mass. 250, 15 Am.
Rep. 28; Dewar v. Minneapolis Lodge
No. 44, 155 Minn. 98, 192 N.W. 358, 32
A.L.R. 1012; Tiffany, Landlord and Ten-
ant, Vol. 1, p. 34.

and tenant these elements must be present: Permission or consent on the part of the landlord, subordination to the landlord's title and rights on the part of the tenant, a reversion in the landlord, an estate in the tenant, and the transfer of possession and control of the premises to the tenant under a contract either express or implied between the parties.

"* * * The principal distinction between the two relations is that the tenant acquires an interest in the real estate and has the exclusive possession of the leased premises, while the lodger acquires no estate and has merely the use without the actual or exclusive possession."

Since a roomer is not a tenant, it has been generally held that the taking of roomers or lodgers is not a violation of a covenant against subletting.[3]

Appellant argues that since the Emergency Rent Control Act[4] provides that the term "tenant" includes a "subtenant, lessee, sublessee, or other person entitled to the use or occupancy of any housing accommodations," a roomer must be considered a tenant. But the definitions of the Act are expressly limited to "as used in this Act." Such definitions are controlling for the purposes of the Act but they do not purport to make that a subletting which was not a subletting prior to passage of the Act.

The judgment below, holding appellant failed to establish a violation of the lease, is correct.

Affirmed.

---

[3] Peaks v. Cobb, 197 Mass. 554, 83 N.E. 1106; Smith v. Rector of St. Phillips' Church, 107 N.Y. 610, 14 N.E. 825; Stanton v. Allen, 32 S.C. 587, 10 S.E. 878; Ross v. Haner, Tex.Civ.App., 244 S.W. 281; Doe d. Pitt v. Laming, 4 Campb. 73, 171 Eng.Rep. 24.

[4] Code 1940, 45—1611.