HERBERT E. PFALZGRAF, Plaintiff, *v.* SAVERIO Voso et al., Defendants.

Supreme Court, Special Term, Kings County, April 3, 1945.

*Frank B. Di Giovanna* for Louis Voso, defendant.

*Hutton & Holahan* for plaintiff.

*Maurice R. Whitebook, Chief Attorney,* Office of Price Administration, New York City Defense-Rental Area (*Joseph Logomasini* and *Jack Sobell* of counsel), for Chester W. Bowles, Price Administrator, *amicus curiæ.*

Nova, J.  Application is here made to vacate an ex parte order of assistance which was heretofore issued by this court. The said order was procured at the instance of the plaintiff and his wife upon their becoming purchasers at a foreclosure sale of certain premises located at 1659 60th Street, Borough of Brooklyn. It appears that the property has been occupied as a two-family dwelling for a number of years.  One of the apartments therein was occupied by the foreclosed owners, but subsequent to the commencement of the foreclosure action the latter moved therefrom.  The other apartment is occupied by the former owners' son and the latter's wife and four children. Following their purchase of the premises the purchasers, without first obtaining a permissive certificate from the Price Administrator of the Office of Price Administration, demanded that

the said occupant surrender possession of the apartment in question. Upon the occupant's refusal so to do, the purchasers obtained the above-mentioned ex parte order in this court. Pursuant thereto the sheriff is required to take such steps as are necessary to deliver the possession of the apartment to the purchasers. It is this order which the occupant now moves herein to vacate. The Price Administrator has intervened as *amicus curiæ* pursuant to the provisions of subdivision (d) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [d]), joining together with the occupant for the purpose of procuring a vacatur of the order requiring the delivery of possession.

As a basis for demanding that the order be vacated, the movant categorically avers that he and his immediate family have occupied the said apartment as a monthly tenant of the former owners since September, 1928, paying rent during such period of $40 per month. The purchasers question the fact that the relationship of *landlord and tenant* existed between the former owners and the movant, but such challenge wholly lacks a scintilla of sustaining factual support; the challenge is but a barren assertion. The purchasers request, however, that in any event the matter be referred to an official referee to take proof as to the character of the relationship which existed in fact between the former owners and the movant. The provisions of law applicable to the present situation, however, seem to preclude the necessity of adopting that procedure.

The Rent Regulation for Housing in the New York City Defense-Rental Area (8 Fed. Reg. 13914), which was adopted pursuant to the Emergency Price Control Act of 1942, specifically forbids the removal of a tenant *unless, on petition of the landlord, the Price Administrator certifies that the landlord may pursue his remedies according to local law* (Rent Regulation, § 6, subd. [b], pars. [1], [2]; 8 Fed. Reg. 13918). (For cases to this effect see *Edison Sav. & Loan Assn.* v. *Stamberger,* 184 Misc. 52, *Home Savings Bank of City of Albany* v. *Hunter,* 180 Misc. 1, and *Cannon* v. *Gordon,* 181 Misc. 950.)

It is true that the purchasers challenge the fact that the movant occupied the premises *as a tenant* of the former owners. Significantly, however, there is no denial of the fact that the movant has at all times here mentioned been at least an *occupant* of the premises. For the purpose of determining whether, in any event, the movant's situation falls within the protection of the law referred to in the preceding paragraph, consideration must be given to further provisions of the regu-

lation. Very significantly, section 1 thereof states that " This regulation applies to *all housing accommodations* in the New York City Defense-Rental Area " (8 Fed. Reg. 13914). (Italics supplied.)   The regulation defines " Housing accommodations " to mean " any building, structure, or part thereof \* \* \* rented or offered for rent for living or dwelling purposes " (§ 13, subd. [a], par. [6]; 8 Fed. Reg. 13919).   It also defines " Landlord " to include " an owner \* , \* \* or other person receiving or *entitled to receive* rent for the use or occupancy of any housing accommodations " *and it defines " Tenant " to include any person " entitled to the possession or to the use or occupancy of any housing accommodations."*   (§ 13, subd. [a], pars. [8], [9]; 8 Fed. Reg. 13919.)   (Italics supplied.)

The foregoing definitions seem to lay stress upon the fact of *occupancy of housing accommodations* rather than upon the existence of a technical landlord and tenant relationship in the strict legalistic sense of that expression.   Thus, it will be observed that the term " all housing accommodations " appears to be sufficiently broad to include the occupancy in question. Likewise, the term " landlord " is not confined to a person receiving rent, but extends to one " entitled to receive " rent.

A further guide to the scope of the regulation is to be found in the underlying purpose of the statute pursuant to which the regulation was promulgated.   The Emergency Price Control Act of 1942 is a constitutional exercise of the war powers of Congress and is designed to prevent undue inflation in prices of commodities and services during the existence of the war. After due reflection as to the ends thus sought to be achieved, I am satisfied that the act and the regulations adopted thereunder must be liberally construed with a view to effectuating the underlying intent of the lawmakers.   Accordingly, I am of the opinion that the occupancy of the movant and his family is a " housing accommodation " and that he is a " tenant " within the intendment of the regulation.

The propriety of the conclusion which I have reached with respect to the foregoing seems further to be made manifest by the provision contained in subdivision 4 of section 5 of the regulation (8 Fed. Reg. 13916).   Pursuant thereto if the new owners feel that the existing rental of the apartment occupied by the movant and his family has been " materially affected by the *blood, personal or other special relationship* between the landlord and the tenant " (italics supplied) an adequate remedy as therein prescribed is amply afforded.

In view of all the foregoing, there is no need upon this motion to inquire into the *bona fides* of the movant's claim that he has paid rent at the rate of $40 per month. Suffice it to observe that the reservation of rent is not of itself an essential to the relation of landlord and tenant. (*Larned* v. *Hudson*, 60 N. Y. 102; *Coffman* v. *Gale*, 248 App. Div. 25.)

Order of possession set aside and the motion praying for such relief granted.