## SURRATT et al. v. REAL ESTATE EXCHANGE, Inc.

### No. 954.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 16, 1950.

Decided Nov. 13, 1950.

Halcott A. Bradley, Washington, D. C., for appellant.

Mark P. Friedlander, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff sued for possession of the upper apartment of a two-family dwelling which it had purchased at a foreclosure sale. Defendants, who had previously owned the property but had defaulted on a second trust note, personally reside in the only apartment involved in the present appeal. They resisted eviction solely on the ground that under Code 1940, § 45—822, when the deed of trust was foreclosed, they automatically became "tenants at will" of plaintiff, the purchaser, and that by reason of the District of Columbia Emergency Rent Act, Code 1940, Supp. VII, § 45—1605(b), no "tenant" may be ousted from possession of housing accommodations unless he fails to pay rent or unless other conditions exist which were not alleged here. The trial court awarded possession of the apartment to plaintiff and defendants appeal.

Defendants' position has a certain verbal plausibility because of the use of the term "tenant" both in the Rent Act and in the Code section defining the relationship between former owners and the purchaser at a foreclosure sale under a defaulted mortgage or deed of trust. A closer examination of the Rent Act, however, leads us to the conclusion that Congress in enacting that statute did not actually create nor did it intend to create the anomalous situation which would result had it authorized the dispossession of persons who default in

their rent payments but at the same time forbidden the dispossession of persons who default in their mortgage or trust deed obligations.

The forcible entry and detainer statute of the District, Code 1940, § 11—735, provides in part that "Whenever * * * any mortgagor or grantor in a mortgage or deed of trust to secure a debt shall unlawfully detain the possession of the real property conveyed, after a sale thereof under such deed of trust or a foreclosure of the mortgage, * * *" it shall be lawful for the Municipal Court on complaint of the person aggrieved to give judgment for the restitution of possession.[1] Thus it will be seen that the grantor in a defaulted deed of trust who seeks to continue in possession of property as against the purchaser at a foreclosure sale is described as "unlawfully" detaining such possession. To such a relationship the Rent Act clearly is not applicable. The definitions contained in the Rent Act, Code 1940, Supp. VII, § 45—1611, describe "housing accommodations" as buildings or parts thereof "rented or offered for rent for living or dwelling purposes in the District of Columbia". The accommodations involved here were neither rented nor offered for rent to defendants nor to anyone else. The term "tenant" is defined as including "a subtenant, lessee, sublessee, or other person entitled to the use or occupancy of any housing accommodations." Here plaintiff as purchaser at the foreclosure sale accepted no rent from the former owners and did nothing else to treat defendants as tenants; it immediately served on them a proper thirty days' notice to quit the premises. We conclude that defendants were not tenants within the meaning of the Rent Act and hence not entitled to the protection of its provisions.

Defendants have argued that while the National Rent Act, 50 U.S.C.A.Appendix, § 1881 et seq. admittedly does not apply in the District of Columbia, its provisions are very similar to the local Rent Act and that courts have thrown the protection of the National Rent Act around persons occupying positions similar to those existing here. Examination of the cases cited by defendants, however, fails to support this argument. In Long Branch Banking Co. v. Howland, 133 N.J.Eq. 315, 32 A.2d 860, there was a foreclosure and a refusal by the court, under the National Rent Act, to oust the occupants, but the occupants were actually tenants of the former owner, not the former owner himself as is true in the present case. It is obvious, we think, that the two relationships are different. In Pfalzgraf v. Voso, 184 Misc. 575, 55 N.Y.S.2d 171, a two-family dwelling was involved, as here, but again the occupants of the premises on which there had been a foreclosure sale were tenants of the former owner. Exactly the same relationship, that is an actual landlord and tenant relationship, existed in Home Savings Bank of City of Albany v. Hunter, 180 Misc. 1, 42 N.Y.S.2d 557. Other cases cited are also not in point.

On the other hand, where the occupant of premises was the person whose mortgage or deed of trust had been foreclosed, the better reasoned decisions of courts in other jurisdictions have awarded possession to the purchaser in spite of the existence of the National Rent Act or local rent acts, the terms of which are similar.[2]

The judgment of the court below is

Affirmed.

---

1. The so-called forcible entry and detainer statute of the District is different from that existing in numerous states and this difference explains apparently conflicting court decisions on the subject.

2. Green Point Sav. Bank v. Lefkowitz, 184 Misc. 716, 55 N.Y.S.2d 819; Steigman v. Singer Tobacco & Confectionary Co., Sup.App.T., 72 N.Y.S.2d 560, affirmed without opinion in 272 App.Div. 1029, 74 N.Y.S.2d 831; Raclawski v. Zdaniecka, Sup., 84 N.Y.S.2d 414. Contra: DaCosta v. Hamilton Republican Club, 187 Misc. 865, 65 N.Y.S.2d 500, which was distinguished and criticized in Raclawski v. Zdaniecka, supra.