**LINDSEY v. WATSON et al.**

No. 1100.

Municipal Court of Appeals for the District of Columbia.

Argued July 30, 1951.

Decided Aug. 31, 1951.

G. W. Lindsey, pro se.

Herman Miller, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Judge.

Plaintiff sued his landlords, owners and operators of a rooming house, on two counts: first, for the penalty provided by the Emergency Rent Act for depriving him of minimum service standards,[1] and, second, for damages for unlawful eviction. A jury decided for defendants on both counts and plaintiff appeals from the judgment on the verdict.

Plaintiff occupied a second-story front room in a three-story and basement house fronting north on L Street, S. W. His room has two front windows. Midway between the second and third floors to the south there is a window, close to which there is a tin roof. During the first three summers of plaintiff's occupancy of his room, this window was kept closed and the

1. Code 1940, Supp. VII, § 45–1610(a).

shade was drawn in order to keep out the heat. There are common bathrooms on the first and second floors and the .basement, but none on the third. Plaintiff's room was a furnished one, and defendants were to clean the room and to furnish linens.

The complaint regarding minimum service standards was that plaintiff was deprived in July 1949 of light and air from the window which defendants kept closed and also that for a part of Febraury 1949 he was deprived of hot and cold water and bath facilities while the bathroom on the second floor was being remodeled. He also complained that defendants interfered with his peaceful enjoyment of his room and premises by entering it unnecessarily and without permission and asking him questions such as "Do you know who leaves the bathroom dirty after using it?" and "Who raises the shade and peeps through the window?" Defendants testified that the remodeling of the bathroom was required because of its outmoded condition, that it was out of service only one week, and that in the interval plaintiff, like all of the other roomers, had the use of the bathrooms on the first floor and in the basement. Defendants also testified that the closing of the window and shade was necessary during the hot weather because the sun's reflection from the tin roof unduly heated the house and that plaintiff interfered with their management of the premises by constantly raising the window and shade after they had closed them. Defendants also testified that plaintiff peeped into the bathroom on the second floor while it was being used by other persons and also objected and made faces at them when they and their daughter attempted to go into his room to clean it. Plaintiff denied these charges.

The claim of unlawful eviction was based upon plaintiff's assertion that defendants had interfered with his quiet enjoyment of his room and upon the further fact that they had served two notices upon him notifying him to quit the premises on the ground that he had made a nuisance of himself by interfering with the management. After service of the first notice defendants continued to receive rent but refused rent after service of the second notice. Plaintiff then moved elsewhere.

Plaintiff's principal assignment of error is that the trial court overruled his motion for a directed verdict and for judgment notwithstanding the verdict. He also specifies as error the action of the trial judge in submitting to the jury the question of whether he was a roomer or a tenant. He further objects to the admission of testimony that his conduct constituted a nuisance in view of the fact that such defense was not affirmatively pleaded in the answer of defendants.

We find no merit in any of these assignments of error. As to his claim that he was deprived of minimum service standards to which he was entitled, the Emergency Rent Act in this respect provides that such minimum service standards are those in effect January 1, 1941, or during the year ended on that date, or which may be subsequently determined by the Rent Administrator.[2] Plaintiff did not establish the minimum service standard under any of the tests enumerated in the Act. Furthermore, under the testimony the jury could have found that it was reasonable for the landlord to repair or renovate one of the three bathrooms. As to plaintiff's contention as to light and air, even assuming that he had some rights in this respect, the jury was entitled to hold that it was reasonable for the landlord to keep a window closed and the shade drawn during the heat of the day. Many people believe this is the proper way of keeping a house cool under conditions existing in Washington.

While a roomer as well as a tenant is entitled to the protection of the Rent Act, the distinctions between the two relationships with respect to the right of landlords to reasonable entry still exist.[3]

2. Code 1940, Supp. VII, § 45–1602 (1) (a) (b) (c). The Act has since been amended in respects not here pertinent.

3. Tamamian v. Gabbard, D.C.Mun.App., 55 A.2d 513; cf. Taylor v. Dean, D.C. Mun.App., 78 A.2d 382.

228

The statement of evidence shows none of the usual indicia of a tenancy. Therefore plaintiff was helped rather than harmed by the submission of this question to the jury.

We find other assignments of error to be entirely without merit.

Affirmed.