John H. DAVIS, Appellant,

v.

FRANCIS SCOTT KEY APARTMENTS, Inc., Appellee.

No. 2101.

Municipal Court of Appeals for the District of Columbia.

Argued Dec. 16, 1957.

Decided April 7, 1958.

Charles H. Quimby, Washington, D. C., for appellant.

Thomas M. Gittings, Washington, D. C., with whom George R. Linkins, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

This appeal from the Landlord and Tenant Branch in a suit for possession involves the nature of appellant's occupancy of an apartment in an apartment hotel owned and operated by appellee. Counsel for appellant contends that his client was a tenant by sufferance, entitled to thirty days' notice to quit, and as no such notice was given he was entitled to prevail. Appellee contends appellant was merely a roomer or lodger and not a tenant, that accordingly no notice to quit was required, and that being in default in the payment of his agreed daily rate for occupying the apartment he could be evicted pursuant to the provisions of Code 1951, § 11–735 (Supp. V).[1] The trial court accepted appellee's view of the matter and entered judgment for possession; this appeal followed.

The facts pointing up the nature of appellant's occupancy are quite clear and for the most part are not in dispute. Appellee is the owner of an apartment hotel in the District, and during all the time appellant lived in the building (and at least as far back as 1933) it has been licensed as a "hotel" by the Superintendent of Licenses. Full hotel service, including maid service, is furnished all occupants without extra charge. All rates are by the day, with a discount in case an apartment is occupied a week or more. When appellant rented the first apartment occupied by him in August 1953 he signed the usual type of registration card used by hotels, agreeing to pay $6 a day, and in August 1954 moved to his present apartment without signing a new registration card and agreed to pay $8.50 a day, although payments at the daily rate by agreement of the parties were made monthly and a discount was allowed if the apartment was occupied a week or longer. This registration card is the only agreement between the parties relating to the character of appellant's occupancy. The particular apartment involved was furnished by appellee and consisted of a living room, bedroom accommodations, bath, and kitchen. Room service was furnished by maids employed by appellee. They had a key to appellant's apartment and regularly used it to enter the unit to perform maid service until appellant placed an extra lock on the door after he had been requested to vacate because of arrears in his payments. He continued to receive maid service, but was obliged to open the door for them because of the extra lock. It is not disputed that he was asked to vacate because of nonpayment; that he did not vacate, but was still occupying the apartment when the suit was filed; and that he owed $769 for past occupancy calculated at the daily rate.

The distinction between a roomer or lodger and a tenant has been stated by this court in numerous decisions.[2] While the question is often a close one, we feel that under the facts in this case appellant's status was that of a lodger rather than a tenant, and accordingly he was not entitled to a notice to quit.

We agree with counsel for appellee that his client could have exercised direct action

---

1. "Whenever any person shall detain possession of real property without right, or after his right to possession shall have ceased, it shall be lawful for the municipal court, on complaint under oath verified by the person aggrieved by such detention or by his agent or attorney having knowledge of the facts, to issue a summons to the party complained of to appear and show cause why judgment should not be given against him for the restitution of possession."

2. Taylor v. Dean, D.C.Mun.App., 78 A.2d 382; Vaughn v. Neal, D.C.Mun.App., 60 A.2d 234; Tamamian v. Gabbard, D.C. Mun.App., 55 A.2d 513; Beall v. Everson, D.C.Mun.App., 34 A.2d 41. See also Roberts v. Casey, 36 Cal.App.2d 767, 93 P.2d 654; 1 Tiffany, Real Property, § 79 (3d ed. 1939); Jones on Landlord and Tenant, § 23 (1906).

to dispossess appellant without resort to court proceedings. Indeed, prior to the 1953 amendment of Code 1951, § 11–735 (Supp. V), that was probably the only remedy available; but it is clear that the amendment gives him the right to file the type of proceeding that he did, and we agree it is the better practice to resort to judicial proceedings rather than to take direct action.

Affirmed.