R. S. S. CO., Limited, v. APFEL.

(Supreme Court, Appellate Term. November 2, 1910.)

1. JUDGMENT (§ 704*)—RES JUDICATA—MATTERS CONCLUDED.

 A decree in a mechanic's lien case, in which it is held that A. is the owner of the premises, is not res judicata of A.'s title in a subsequent suit between the defendants in the lien case, where there was no contest in the lien suits, as between the defendants there, as to title.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1229; Dec. Dig. § 704.*]

2. PARTITION (§ 109*)—PURCHASE AT PARTITION SALE—RECOVERY OF POSSESSION.

 One who acquires title to land from a purchase in partition proceedings stands in such a relation with the tenant of the partitioners that he may bring summary proceedings for possession.

 [Ed. Note.—For other cases, see Partition, Cent. Dig. § 379; Dec. Dig. § 109.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by the R. S. S. Company against Ignace I. Apfel. From an order awarding possession to the petitioner, defendant appeals. Affirmed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Harold O. Aaronson, for appellant.

Hamilton C. Rickaby, for respondent.

BIJUR, J. The petitioner describes himself as the landlord and owner in fee simple. The petition further shows that the title was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

derived from a purchase in partition proceedings—the referee's deed being dated March 25, 1909—brought by one Robert S. Smith against his co-tenant of the premises, that Smith had made a lease to Apfel on October 28, 1907, and that Apfel had assigned the same to Harris October 30, 1907. Neither Apfel nor Harris, it is conceded, were parties to the partition suit.

The proceeding was brought by reason of the nonpayment of the rent for January, 1910. Judgment by default having been taken against Harris, Apfel opposed the petition on two grounds: (1) On a question of fact, namely, that the petitioner was not the real owner of the premises; (2) on a question of law, namely, that the purchaser on a partition sale does not stand in conventional relation with the tenant of the partitioners, and that, therefore, he cannot bring summary proceedings.

In support of the first point, defendant offered in evidence a decree of the Supreme Court in a proceeding to foreclose a mechanic's lien, in which all the parties to the present proceedings (and others) were parties, and in which it was decreed, inter alia:

"That on April 10, 1909, Robert S. Smith was, and still is, the owner in fee of said premises, the title whereof now stands of record in the name of the R. S. S. Company."

This decree was made and entered January 14, 1910. The petition in the case at bar was filed January 12, 1910. The court below refused to receive the decree in the mechanic's lien case in evidence, and the defendant duly excepted to that ruling. The exclusion, however, was proper. While Robert S. Smith and the present petitioner, the R. S. S. Company, and the defendant, Apfel, were all defendants in the mechanic's lien case, there was nothing litigated in that action, as between these several defendants, affecting their rights in, or title to, the premises. See section 521, of the Code of Civil Procedure. The decree, therefore, lacks the element necessary to constitute it res adjudicata as between these parties, and to estop them from inquiry in respect of the issue raised herein. Ostrander v. Hart, 130 N. Y. 406, 29 N. E. 744; Rudd v. Cornell, 171 N. Y. 114, 126, 63 N. E. 823.

As to the second point, appellant contends that, while the case of Commonwealth Mortgage Co. v. De Waltoff, 135 App. Div. 33, 119 N. Y. Supp. 781, is authority to the effect that the purchaser on a foreclosure sale stands in such conventional relation with the tenant of the prior owner as to warrant his bringing summary proceedings under section 2235 of the Code, that conclusion is justified only by section 1632 of the Code, which expressly enacts that the conveyance, resulting upon the foreclosure of a mortgage, shall be as valid as if executed by the mortgagor and the mortgagee, and that by virtue of this enactment the grantee of the referee in foreclosure becomes in the eye of the law the grantee of the mortgagor. He argues, further, that there is no corresponding section constituting the grantee of the referee in partition the grantee of the petitioners.

But the purpose of section 1632 of the Code (derived from 2 Rev. St. p. 192, § 158) was merely to dispel any doubt as to the purchaser's

title, left open from the divergent theories as to whether the title, in case of a mortgage, lies in the mortgagee or in the mortgagor. See Rector, etc., of Church v. Mack, 93 N. Y. 488, 491, 45 Am. Rep. 260. Moreover, the opinion of the Appellate Division in the Commonwealth Case, supra, indicates plainly a reliance upon the broad provisions of section 223 of the real property law, and from that standpoint it does not seem possible to differentiate a purchaser on a mortgage sale from a purchaser on a partition sale. See Packer v. Rochester & S. R. R. Co., 17 N. Y. 283, 287, 288, and Jackson v. Edwards, 7 Paige, 386, 404.

The order appealed from should be affirmed, with costs.

GUY, J., concurs. SEABURY, J., concurs, upon the authority of the case of the Commonwealth Mortgage Co. v. De Waltoff, 135 App. Div. 33, 119 N. Y. Supp. 781.