HOME OWNERS' LOAN CORPORATION, Plaintiff, *v.* PHILIP
DANNENHOFFER et al., Defendants.

Supreme Court, Special Term, Queens County, May 3, 1945.

*Alexander I. Taks* for plaintiff.

No appearance for defendants.

C. A. JOHNSON, J. This is a motion by the plaintiff, Home
Owners' Loan Corporation, for an order directing the Sheriff
of the City of New York, Queens Division, to put it into posses-
sion and to direct any and all persons in possession of the
premises to be removed therefrom.

The plaintiff, in October, 1944, instituted an action to fore-
close its mortgage on certain premises, consisting of a two-
family house occupied by the owners of the equity of redemp-
tion and by their tenant. Judgment of foreclosure and sale
was thereafter entered, a public sale held, and on the 10th of
January, 1945, a referee's deed was delivered to the plaintiff
who purchased the premises at such sale. Upon this applica-
tion for possession, it is the plaintiff's position, buttressed
by an opinion of the Office of Price Administration, New York
City Defense-Rental Area, Queens Rent Office, signed by its chief
attorney, that the Home Owners' Loan Corporation is exempt
from the provisions of subdivision (a) of section 6 of the Rent

Regulation for Housing in the New York City Defense-Rental Area (8 Fed. Reg. 13917), which restricts the eviction or removal of tenants, inasmuch as on July 6, 1943, the Federal Home Loan Bank Commissioner issued an order directing such exemption in order to expedite the orderly liquidation of any real property to which said corporation has title.

While upon first impression it seems rather unfair in view of present conditions to exempt a Government agency, which is for all practical purposes in the real estate business, from the provisions of the Federal Rent Regulation thereby causing hardship to tenants who are in the unfortunate position of living in housing facilities owned by the corporation, yet I am inclined to the belief that as a matter of policy the order of exemption made by the Federal Home Loan Bank Commissioner was wise. The Home Owners' Loan Corporation was organized for the purpose of relieving distressed home owners during the period of the depression from the onerous burden of excessive mortgages. Necessarily the corporation was obliged to take over in foreclosure numerous properties to protect the public funds which were loaned on mortgage. Fortunately property values have increased and the real estate market became a sellers' market to the great advantage of the Home Owners' Loan Corporation. Under those circumstances it is wise to liquidate as much of the property as possible so that the Home Owners' Loan Corporation may in the foreseeable future be wound up.

It would appear from the papers that both the owners and the tenant are bound by the judgment inasmuch as process was served upon them. They are, therefore, subject to the order here sought pursuant to the provisions of section 985 of the Civil Practice Act. It is clear, however, that under the provisions of that section the issuance of a writ of possession is discretionary (*Niman* v. *Niman*, 269 App. Div. 375), the only limitation being that such discretion may not be arbitrarily exercised. (*Kilpatrick* v. *Argyle Co., Inc.*, 199 App. Div. 753, 759.) Therefore, notwithstanding the fact that the rent regulation does not apply to the plaintiff, this court may in the exercise of discretion grant a stay to the occupants of the premises now owned by the plaintiff.

The motion is therefore granted and the execution thereof stayed until June 1, 1945. Submit order.