MELANCTON S. DA COSTA, Plaintiff, *v.* HAMILTON REPUBLICAN CLUB OF THE FIFTEENTH ASSEMBLY DISTRICT et al., Defendants.

Supreme Court, Special Term, New York County, October 29, 1946.

*S. A. Raiskin* for plaintiff.

*Bernard H. Nearman* for Hamilton Republican Club of the Fifteenth Assembly District, defendant.

SHIENTAG, J. The plaintiff has secured a judgment of foreclosure against the defendants, and a sale has been held under which the plaintiff has become the owner of the property. The defendant Hamilton Republican Club, former owner of the premises, has remained in possession. The plaintiff now seeks

a writ of assistance to remove this defendant under the provisions of section 985 of the Civil Practice Act. The defendant resists on the ground that the Emergency Rent Laws bar such a course. The plaintiff urges that the Emergency Rent Laws do not apply to the premises in question, that the laws do not affect the foreclosure statutes, and that the defendant is not among those persons whose possession the laws protect.

The first two points present no difficulty. Subdivision (a) of section 2 of the Business Rent Law (L. 1945, ch. 314) defines " business space " as " All rental space " other than space coming within the Commercial Rent Law, dwelling space, and certain other categories which are not applicable here. There is no claim that the premises are being used as dwelling space (in which case the Federal regulation would be applicable), and accordingly either the Business Rent Law or the Commercial Rent Law (L. 1945, ch. 3), whose provisions for present purposes are identical, must govern the disposition of the application if these statutes are not for some other reason inapplicable. As to the second point, *Kilpatrick* v. *Argyle Co., Inc.* (199 App. Div. 753), relied on by the plaintiff, does not support plaintiff's position. That case dealt with the 1920 Emergency Rent Laws, which protected the possession of tenants only to the extent of inhibiting the use of certain named legal remedies, which did not include a writ of assistance. The present statutes, on the other hand, prohibit any removal of a tenant who comes within their provisions, regardless of the type of legal process which the landlord attempts to invoke.

With respect to the third point, section 8 of the Emergency Rent Laws protects " the tenant " against eviction, and subdivision (e) of section 2 of the Business Rent Law and subdivision (i) of section 2 of the Commercial Rent Law define " tenant " as follows: " A lessee, sublessee, licensee, or other person entitled to the possession or to the use or occupancy of the whole or a part of " any business or commercial space as the case may be. The plaintiff argues that the statutes apply only as between landlord and tenant, and urges the point that the defendant has paid no rent. But the definition of " tenant " quoted above is not limited to the conventional usage of the term, nor is payment of rent a necessary element in that definition. All that is required is that the defendant be a " person entitled to the possession or to the use or occupancy " of the premises. The defendant was such a person up to the time the judgment of foreclosure was entered. The question is whether the entry of that judgment operated in some way to disentitle

the defendant to continued occupancy. It is my conclusion that it did not.

It is true that the judgment of foreclosure directed that the purchasers at the sale be " let into possession " and that the defendant be " foreclosed of all right " in the property. The judgment, however, must be read in the light of the existing emergency statutes and regulations. The language used is customary in judgments of foreclosure, but such judgments have not customarily dealt with the novel situation presented by the building shortage and the legislative attempts to alleviate that shortage. The primary purpose of the judgment of foreclosure is to divest the mortgagor of ownership and to make the property, or its proceeds, available to the mortgagee in satisfaction of his claim. This transfer of title is neither affected by the emergency statutes, nor does it affect the rights of occupants under those statutes, except as specifically provided. Subdivision (d) of section 8 describes the circumstances in which a new owner may remove an occupant. The purchaser at a foreclosure sale should be in no stronger position than the ordinary vendee. The plaintiff may evict the defendant if the requirements of subdivision (d) of section 8 are met. He should not, however, be allowed to substitute the present motion for a dispossess proceeding brought in accordance with the Emergency Rent Laws, nor should he be permitted to deny to this occupant the protection afforded other lawful occupants merely because of the presence of the language traditionally employed in judgments of foreclosure.

This conclusion is confirmed when the problem is viewed in its larger scope. The scheme of the State Emergency Rent Laws and that of the Federal Rent Regulation for Housing are similar in this respect. To uphold the plaintiff's contention would mean that the owner-resident of housing accommodations against whom a similar judgment of foreclosure had been entered would not only have yielded the ownership of his property to satisfy his obligation, but would also have been made homeless at a time when housing is extremely difficult, if not impossible, to obtain.

The restraint against removing an occupant who happens to be the mortgagor does not substantially alter the security which the mortgagee sought in making the loan to which the mortgage is ancillary. The purchaser at the foreclosure sale takes the property subject to the present-day disabilities which the statutes impose on all owners. If the premises in question had been occupied by a tenant of the mortgagor rather than the

mortgagor itself, the plaintiff would not have been able to gain possession (cf. *Pfalzgraf* v. *Voso,* 184 Misc. 575). Yet the leasing of the premises would in no way have impaired the security of the mortgage. The privilege of the occupant to remain, whether the occupant be the former owner or a tenant of the former owner, must be regarded as a statutory qualification of the rights which the mortgagee might otherwise have and the language of the judgment of foreclosure, read in its proper context, does not operate to remove the defendant from the class of lawful occupants to whom the statutes apply. This decision, of course, does not affect the right of the owner, whether he has become such through foreclosure or otherwise, to obtain the space for his own use in accordance with the statutory provisions. I hold merely that the naked fact of foreclosure does not entitle the new owner to evict the occupant.

It should be noted that in any event a writ of assistance might be denied in the court's discretion. A motion under section 985 of the Civil Practice Act is addressed to the discretion of the court, and the court may stay the removal or deny the writ altogether, if the achievement of substantial justice requires that it be denied (cf. *Niman* v. *Niman,* 269 App. Div. 675; *Home Owners' Loan Corp.* v. *Dannenhoffer,* 184 Misc. 1019). I rest this decision, however, not on the equities as they may exist between the parties involved on this motion, but upon the broader considerations outlined above.

The motion is denied.