LAWYERS TRUST COMPANY, Plaintiff, *v.* EDITH A. KELLY et al., Defendants.

Supreme Court, Special Term, Bronx County, April 10, 1948.

*Garey & Garey* for plaintiffs.

*J. A. Houlihan* for defendants.

EDER, J. Motions Nos. 16 and 17, are considered together. Both motions are directed against the defendants Kearney and DeWald.

The action is to foreclose two mortgages on real property; the defendant Kelly is the owner thereof; the other defendants are month-to-month tenants.

The defendant Kelly has answered herein, denying that part of the complaint which alleges that she does not reside in the mortgaged premises and asserts that therefore this action is barred by article 65 of the Civil Practice Act, and said defendant then sets up an affirmative defense that she does reside in the mortgaged premises, which it is alleged bars this action. (Civ. Prac. Act, § 1077-g.)

The tenant-defendants, Kearney and the DeWalds have interposed answers to like effect. The motions are to strike out said answers of the tenant-defendants as improperly interposed, meritless and as interposed to hinder and delay the action. The motions are predicated on rules 109 and 113 of the Rules of Civil Practice and section 476 of the Civil Practice Act.

Chapter 413 of the Laws of 1948 has extended the limited moratorium to July 1, 1949.

The relevant portion of section 1077-g, reads as follows: " * * * the period of such emergency and the application of the provisions of this section shall be deemed limited to mortgages covering a single family dwelling or two or three family dwelling *occupied* wholly or in part by the *owner* thereof for *residence* purposes, provided such *owner* shall pay the unpaid principal amount of any such mortgage at the rate of three per centum per annum." (Emphasis supplied.)

It seems clear to me that the defense of the mortgage moratorium is personal to the mortgagor (here, the defendant Kelly); that a mortgagor actually residing in his mortgaged premises,

if it is a one-, two-, or three-family dwelling, is protected against foreclosure and is, therefore, a defense which may be only interposed by the person who is entitled to the protection of the statute and may not be appropriated by the tenants of the mortgagor.

Under the present emergency rent legislation a tenant of foreclosed premises is considered a statutory tenant. See *Da Costa* v. *Hamilton Republican Club* (187 Misc. 865, 867, 868, SHIENTAG, J.), which discusses a tenant's rights after a foreclosure action, and wherein, it is stated: " The present statutes, on the other hand, prohibit any removal of a tenant who comes within their provisions, regardless of the type of legal process which the landlord attempts to invoke. * * * The purchaser at the foreclosure sale takes the property subject to the present-day disabilities which the statutes impose on all owners."

It is apparent therefore that a purchaser would not be able to evict such a tenant except in conformity with existing Federal and State statutes and regulations.

Consequently, the defenses interposed raise no triable issue and are insufficient in law. The motions are, accordingly, granted. Settle order.