LUIGI CASELLA, Plaintiff, *v.* ROSE CASELLA et al., Defendants.

County Court, Broome County, January 26, 1953.

*Travis & Whiting* for plaintiff.

*Robert H. Schaffer* and *Joseph A. Giordano* for Joseph D. McGoldrick, as State Rent Administrator, *amicus curiæ.*

BRINK, J. This is an application under section 985 of the Civil Practice Act, in the nature of an application for a writ of assistance, whereby the plaintiff, in a mortgage foreclosure action, who was also the purchaser on the foreclosure sale, seeks an order, directing the Sheriff of Broome County, to remove each of the defendants against whom a judgment of foreclosure and sale was obtained, from the premises involved in the foreclosure action and to put the purchaser in possession.

The plaintiff further seeks an order punishing the defendants James Hissin and Evelyn Hissin for contempt of court for disobedience of the judgment of the court.

It appears from the moving papers that the plaintiff obtained a judgment of foreclosure and sale against the defendants in this court on the 8th day of September, 1952. At the time of the service of the summons and complaint, the defendants, James Hissin and Evelyn Hissin, were tenants of a portion of the premises involved in the judgment of foreclosure and sale. The defendants, James Hissin and Evelyn Hissin, were served with the summons and complaint, but failed to answer or in any way appear in the foreclosure action.

The judgment of foreclosure and sale contained the usual provisions and particularly provided that the purchaser or purchasers at such sale be let into possession on production of the referee's deed, and further adjudged that all of the defendants in this action be forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the mortgaged premises. The premises were sold on the 8th day of October, 1952, by a referee appointed by the court, and a referee's deed was duly delivered to the purchaser and recorded. It further appears that before the deed was recorded, it was exhibited to the defendant, James Hissin.

On the 12th day of November, 1952, a notice to vacate said premises in writing was served upon the defendant James Hissin, requiring him to vacate said premises on or before November 22, 1952. The sale was confirmed by the court on the 22d day of October, 1952.

It further appears that the defendants, James Hissin and Evelyn Hissin refused to deliver up possession or to let said purchaser into possession of the portion of said premises occupied by them as directed and required by the judgment of foreclosure and sale. A show cause order was granted by this court on the 24th day of November, 1952, returnable on the 28th day of November, 1952, requiring the defendants, James Hissin and Evelyn Hissin, to show cause why the above-described relief should not be granted.

On the return date of the show cause order, the defendants did not appear, either in person or by counsel, but an appearance was made by R. H. Schaffer, Esq., attorney for Joseph D. McGoldrick, the State Rent Administrator, with offices at 280 Broadway, New York 7, New York, by Joseph A. Giordano, of counsel, who requested that the State Rent Administrator he

permitted to appear in this proceeding *amicus curiæ.* Such permission was granted by the court.

It appears from the summons and complaint in the foreclosure action, that the defendant, Rose Casella, held the record title to the premises, the defendants, Lewis Millard and Ruth Millard, were land contract vendees in possession, and that the remaining defendants were tenants of the Millards. The interests of Lewis Millard and Ruth Millard, James Hissin and Evelyn Hissin and Bertha M. Meyers were all subordinate to the mortgage upon which the foreclosure action was based. The defendants, James Hissin and Evelyn Hissin, were tenants of the defendants, Lewis Millard and Ruth Millard. The judgment of foreclosure and sale in effect was a judicial decree and determination, which terminated the tenancy of the defendants, James Hissin and Evelyn Hissin, and deprived them of all right to possession of the mortgaged premises.

The State Rent Administrator takes the position in this proceeding: 1. That the defendants, James and Evelyn Hissin, as tenants of the premises involved, are entitled to protection under the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1951, ch. 443) and the Rent and Eviction Regulations promulgated thereunder; and 2. The rights of the defendants, Hissin, as tenants under the State Residential Rent Law were not foreclosed by the judgment in the foreclosure proceedings against their former landlord and wherein they were named as party defendants.

It is the contention of the attorney for the rent control administrator, that section 985 of the Civil Practice Act, under which this proceeding was brought, was amended or modified by certain amendments to section 5 of the State Residential Rent Law (L. 1951, ch. 443).

No proof has been submitted to the court either by testimony or affidavits, in behalf of the defendants as a basis for the court to deny plaintiff's application, as a matter of discretion. The application is opposed by the State Rent Administrator on the sole ground that the court is without power to place the purchaser at the foreclosure sale in possession unless he first complies with the provisions of the State Residential Rent Law, by obtaining a certificate from the rent control authority.

Section 985 of the Civil Practice Act provides among other things: " If a party, or his representative or successor, who is bound by the judgment, withholds possession from the person thus declared to be entitled thereto, the court, by order, in its

discretion, besides punishing the disobedience as a contempt, may require the sheriff to put that person into possession.''

The eviction amendment to the State Residential Rent Law found in section 5 of the law (as amd. by L. 1951, ch. 443) provides in part: '' Evictions. * * * 2. No tenant shall be removed or evicted on grounds other than those stated in subdivision one of this section unless on application of the landlord the commission shall issue an order granting a certificate of eviction in accordance with its rules and regulations, designed to effectuate the purposes of this act, permitting the landlord to pursue his remedies at law. The commission shall issue such an order whenever it finds that * * *.''

In this section under paragraphs (a), (b), and (c), the statute gives the reasons for which the commission shall issue such an order.

Subdivision 7 of section 2 of the State Residential Rent Law defines a tenant as follows: '' ' Tenant.' A tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodation.''

The judgment of foreclosure and sale was certainly a judicial determination that the defendants, James Hissin and Evelyn Hissin, were no longer entitled to possession or the use or occupancy of the mortgaged premises. The fact that they might have been considered as tenants of the premises before the judgment of foreclosure and sale does not seem controlling. As to whether they might have obtained relief by appearing in the foreclosure action and interposing the defense that they were entitled to the protection of the State Residential Rent Law, is not at this time before this court for determination. The fact remains, that they did not appear in the foreclosure action, and the court acted within its jurisdictional powers upon their default, granting a judgment of foreclosure and sale, terminating their tenancy and their right to possession, after a referee's sale. The referee's deed was executed and delivered, and the tenancy and right to possession of the defendants terminated forthwith.

The right of a court to summarily place a purchaser at a foreclosure sale in possession has long been recognized under the common law as well as by statutory enactment. The mere fact, both under the common law and by statute, that a purchaser at a foreclosure sale is entitled to the summary removal of the defendants in the foreclosure action, places such unlawful occupants of premises in a different category than tenants, whether

under lease from month to month, at will, or by sufferance, all of whom must be removed by ejectment or summary proceedings.

In the opinion of this court, after the judgment of foreclosure and sale, these defendants were not tenants, within the meaning and intent of the definition of a tenant as set forth in the State Residential Rent Law.

It may be argued that the language of subdivision 2 of section 5 of the State Residential Rent Law is sufficiently broad to affect the present situation. However, it will be noted that the word " tenant " is defined by the statute as tenant, subtenant, lessee, sublessee, or other person *entitled to* the possession or to the use or occupancy of any housing accommodation. The statute does not say occupant. In other words, the occupant must have some status as a tenant. The status of defendants following the foreclosure sale of property is such that under the provisions of section 985 of the Civil Practice Act they can be punished for contempt of court for failing to comply with the judgment or mandate of the court.

In the case of *Kilpatrick* v. *Argyle Co.* (199 App. Div. 753) where a purchaser at a mortgage foreclosure sale applied for an order in the nature of a writ of assistance, the defense was interposed that the 1920 emergency rent regulations applicable to the City of New York and surrounding counties justified the respondents in refusing to obey the judgment in foreclosure, which in express terms provided that the purchaser be let into possession of the premises on production of the referee's deed. The Emergency 1920 Rent Act is distinguishable from the present State Residential Rent Law in that under the 1920 Act, the relief was limited to certain types of proceedings, namely: eviction and summary proceedings. The burden was placed upon the landlord to establish to the satisfaction of the court either that the tenant was objectionable, or that he wanted the rooms himself or for his family, or that he intended to demolish the building with the intention of constructing a new building, etc.; somewhat similar to the reasons necessary for the approval of the rent control authority under the present law. In this case, the Appellate Division reversed an order denying a writ of assistance, on the grounds that the emergency rent legislation contained no provision repealing or suspending section 1675 of the Code of Civil Procedure (now Civ. Prac. Act, § 985), and that the judgment of foreclosure and sale was a mandate of the court which forever barred the respondents from any interest

in the mortgaged premises and required them to deliver up possession.

Although it is true that the present State Residential Rent Law is much broader in its provisions than the 1920 Act, the reasoning of the court in the *Kilpatrick* case (*supra*) applies to the present situation. This court is not without concern that its position in this case is contrary to the decisions of at least two eminent Supreme Court Justices: namely, Mr. Justice HAMMER in the case of the *Harlem Sav. Bank* v. *Cooper* (199 Misc. 1110) and Mr. Justice SHIENTAG, in the case of *Da Costa* v. *Hamilton Republican Club* (187 Misc. 865).

There are several other cases in the New York area where the courts have employed the State Residential Rent Law as a basis for exercising their discretion in denying a writ of assistance. However, this court cannot conscientiously concur with the reasoning of Justice SHIENTAG in the case of *Da Costa* v. *Hamilton Republican Club* (*supra*, p. 868) when he says: " It is true that the judgment of foreclosure directed that the purchasers at the sale be ' let into possession ' and that the defendant be ' foreclosed of all right ' in the property. The judgment, however, must be read in the light of the existing emergency statutes and regulations. The language used is customary in judgments of foreclosure, but such judgments have not customarily dealt with the novel situation presented by the building shortage and the legislative attempts to alleviate that shortage."

I prefer the reasoning of the Court of Appeals in *Ketchum* v. *Edwards* (153 N. Y. 534, 539) in which the court said: " The interest in maintaining respect for the action of courts, and of orderly jurisprudence, forbids that litigants should be permitted, under plea of hardship or injustice, real or pretended, to nullify or set at nought orders or decrees, however improvidently made ".

There is no express provision in the State Residential Rent Law limiting, modifying or affecting judgments of foreclosure and sale as to tenants. There is no express amendment subjecting the relief set forth in section 985 of the Civil Practice Act to the provisions of the State Residential Rent Law. From the language of the State Residential Rent Law, I do not believe it was the intention of the Legislature to interfere with judgments of foreclosure and sale and the rights of purchasers of real property bought at court sales, pursuant to such judgments. In my opinion, time-honored provisions of the common law involving substantial rights enacted into statutes which have

been in existence for many years, should not be cast aside by courts attempting to increase the effectiveness of emergency legislation. If such extension of the State Residential Rent Law is justified, it should be taken care of by an act of the Legislature. At least in the absence of some clearly defined appellate authority, this court cannot conscientiously follow the dangerous trend of fitting the law to a current emergency pattern without proper legislative enactment.

By reason of the fact that there is a substantial legal question involved in this proceeding, the application to punish the defendants for contempt of court is denied. The plaintiff petitioner, Luigi Casella, is entitled to an order in the nature of a writ of assistance, directing the Sheriff of the County of Broome to remove the defendants, James Hissin and Evelyn Hissin, and all of the defendants from the premises and place the plaintiff in possession thereof. The execution of said order is stayed for thirty days from the date of the entry thereof.

Due to the fact that the defendant has not appeared in this proceeding, and that the only appearance in opposition to the application is that of the State Rent Administrator, appearing *amicus curiæ*, such order is granted, without costs. An order may be submitted accordingly.