KATHLEEN QUINN, Plaintiff, *v.* HELEN T. LYNE et al., Defendants.

Supreme Court, Special Term, Bronx County, March 30, 1955.

*Joseph M. Costello* for plaintiff.

*David Stein* for Helen T. Lyne, defendant.

MARTIN M. FRANK, J. This is an application by the plaintiff for a writ of assistance under the provisions of section 985 of the Civil Practice Act. The plaintiff secured a judgment of partition and sale against the defendants, under which, by purchase, she is now the owner of the property. The defendant Lyne is the sister of the plaintiff and prior to the sale held an estate of inheritance in fee simple in an undivided one-third interest of the subject property. The plaintiff occupies the second-floor apartment and her sister, the defendant, resides in the first-floor apartment of this two-family dwelling. The plaintiff contends that the Emergency Housing Rent Control Laws do not apply to the premises involved. She urges that they neither affect the partition statutes nor is the defendant amongst those persons whose possession the laws protect.

The State Residential Rent Law (L. 1946, ch. 274, as amd.) protects tenants or those "entitled to the possession or to the use or occupancy of any housing accommodation." Absent the

emergency rent laws, the defendants are not entitled to possession. Whatever rights they held were extinguished by the judgment of partition and sale (*Steigman* v. *Singer Tobacco & Confectionery Co.,* 72 N. Y. S. 2d 560, affd. 272 App. Div. 1029; *Green Point Sav. Bank* v. *Lefkowitz,* 184 Misc. 716). Although these authorities deal with foreclosure of mortgages, it does not seem possible to differentiate a purchaser on a mortgage foreclosure sale from a purchaser on a partition sale (*R. S. S. Co.* v. *Apfel,* 69 Misc. 318). In an analogous situation (*Raclawski* v. *Zdaniecka,* 84 N. Y. S. 2d 414, 415), affecting a partition sale, it was held that a former owner of an undivided interest in realty, occupying an apartment therein under an agreement with co-owner as to rental for their respective apartments to pay for maintenance and upkeep of premises, was not a " tenant " for whose eviction co-owner, having acquired full title to realty at partition sale, must obtain a certificate of eviction from Temporary City Housing Rent Commission. Nor was the defendant therein protected by falling within that portion of the definition exactly the same as in the instant case " ' or other person entitled to the possession or to the use or occupancy of any apartment as herein defined.' " The court therein cited Mr. Justice Rubinstein, in *Green Point Sav. Bank* v. *Lefkowitz* (*supra*), " ' Any rights which they (the former owners of a foreclosed parcel) had to possession have been cut off by the judgment of foreclosure and sale. Their rights to use or occupation do not exist independent of such former rights to possession.' "

The defendants rely upon the authority of *Da Costa* v. *Hamilton Republican Club* (187 Misc. 865). There the court was confronted with the application of the emergency legislation affecting commercial and business space and not dwelling space, as here. However feeble this distinction appears, we are nevertheless compelled to take a contrary view on the authorities herein cited and rather adopt the reasoning of Mr. Justice Hammer (*Harlem Sav. Bank* v. *Cooper,* 199 Misc. 1110, 1113) who held that, after foreclosure, a mortgagor occupying store and apartment was not protected by the Business Rent Law or State Residential Rent Law and must be evicted. The determination therein that " The distinction between * * * the relationship of mortgagor and mortgagee and landlord and tenant, is so marked that in the absence of clear, express language of inclusion in the emergency rent control statutes the owner mortgagor should not receive the protection of such legislation by judicial construction ", is persuasive both in logic

and in law. The same principle must be applied to this determination.

Section 985 of the Civil Practice Act permits the exercise of some discretionary power. In view thereof, we will take judicial notice of the housing shortage in the area and, although granting the application for the relief sought, will stay the execution of the order for a period of six months after the service of the order herein. As a condition for such stay the defendants will be required to pay a monthly sum in advance of $74.75, commencing April 1, 1955. This sum represents the rental value and is determined by the court's independent investigation which revealed that on November 10, 1945, a registration was filed with the Rent Commission for this apartment fixing the maximum rent at $65 per month. With the authorized 15% increase, the sum set forth has been determined.

Settle order on notice.