Morris J. Stein, J.
In this holdover proceeding the petitioner seeks possession of an apartment occupied by the respondent.
The petitioner is proceeding as the holder of a deed to property sold in a foreclosure sale, which deed he acquired on October 9, 1969. It claims it has the right to terminate the occupancy of the respondent pursuant to subdivision 5 of section 713 of the Beal Property Actions and Proceedings Law solely as .such purchaser under a foreclosure sale.
The .respondent contends that the subject premises located at 1065 G-reene Avenue, Brooklyn, New York City is subject to rent control. As occupants of a rent controlled apartment they are statutory tenants and entitled to the protection of the Bent and Eviction Begulations and can only be evicted pursuant to such law.
The issue upon which the determination of this case rests is as follows:
Does the sale of the premises pursuant to a foreclosure sale deprive the respondent tenant of his rights under subdivision a of section 51 of the Bent, Eviction and Behabilitation Begulations to remain in the premises as a statutory tenant?
It is true that the petitioner falls within a class authorized under the State law (Beal Property Actions and Proceedings Law, | 713, subd. 5) to commence the present proceeding. However when such proceeding is brought within the City of New York, the petitioner must comply with the local law, which is subdivision a of section 51 of the Bent, Eviction and Behabilitation Begulations of the City of New York. In the City of New York rent control is in effect. The State Legislature has empowered the City of New York to enact local laws on the question of rent control. (Spire v. Doctor, 183 Misc. 853.)
During all the times when rent control was in existence whether under the Federal or State authority, the courts have consistently held that the landlord must allege and prove compliance with the rent regulations in effect when the proceeding is being brought. In essence the courts have held that statutory tenants are afforded the protection of the Bent and Eviction Begulations whether they the Federal, State or city.
Subdivision 5 of section 713 of the Beal Property Actions and Proceedings Laws reads as follows:
*937 “ Section 713. Grounds where no landlord-tenant relationship exists. •* ' * *
“ 5. The property has been sold in foreclosure and the deed delivered pursuant to such sale has been exhibited to him. ’ ’
Subdivision a of section 51 of the Rent, Eviction and Rehabilitation Regulations of the City of New York reads as follows: “ Section 51. Restrictions on removal of tenants * * * a. No tenant, so long as he continues to pay the rent to which the landlord is entitled, shall be removed from any housing accommodation by action to evict or to recover possession ”.
The State Legislature enacted chapter 21 of the Laws of 1962 enabling the City of New York to continue rent control.
In 1962, the City Council of City of New York enacted section Y51-6.0 of the Administrative Code of the City of New York which reads in part as follows: ‘1 Y51-6.0 Evictions.— a. No tenant, so long as he continues to pay the rent to which the landlord is entitled, shall be removed from any housing accommodation which is subject to rent control ”.
Warren’s Weed New York Real Property (vol. 5, Summary Proceedings, §§ 11-12) reviewing the history of the Emergency Housing Rent Control Law indicated that rent regulations are an absolute defense to a special proceeding for a warrant of eviction.
Generally, so long as a tenant, occupying a controlled accommodation, continues to pay the established rental, he may not be evicted unless one of the specific grounds set forth in the statute or the regulations promulgated pursuant thereto are met.
The only accommodations, which are now regulated as to rentals and evictions, are those which are primarily used for residential purposes. The regulation of business and commercial space has been abandoned. (Avecrest Realty Co. v. Sherryl, 44 Misc 2d 516.)
Commencing May 1,1962, pursuant to the said local emergency housing rent control law, the New York City Rent and Rehabilitation Law created the New York City Rent and Rehabilitation Administration for the purpose of continuing the control of rents and restrictions on evictions in residential accommodations within the City of New York.
The statutory provisions and regulations are almost identical under the local law and the State-wide provisions. For that reason, the case law is equally applicable to the identical provisions.
Compliance with these laws and regulations must be alleged in the petition in a summary proceeding, and even where it is *938 alleged that the subject premises are no longer subject to rent control, a precise statement of the facts upon which such allegations are based must be set forth in the petition. (Giannini v. Stuart, 6 A D 2d 418.)
In the case of Drury v. Sidney Davies, Inc. (116 N. Y. S. 2d 118, 119) where the landlord sought to evict a statutory tenant by bringing a writ of assistance, the court interpreted section 2 of chapter 314 of the Laws of 1945, as amended (Emergency Business Space Rent Control Law, § 2) and stated the following: “Upon foreclosure, the purchaser acquires title to property subject to the same present-day disabilities which the rent laws impose upon owners who acquire title by any other form of conveyance. The judgment of foreclosure does not strip the tenant of the shielding protection given him by the restraints against eviction contained in the emergency rent laws. Da Costa v. Hamilton Republican Club of Fifteenth Assembly Dist., 187 Misc. 865, 65 N. Y. S. 2d 500; Presprop Corporation v. Riveredge Holding Corporation, Sup., 73 N. Y. S. 2d 808; East Brooklyn Sav. Bank. v. Hickman Realty Corp., 272 App. Div. 638, 74 N. Y. S. 2d 707, appeal dismissed, 297 N. Y. 975 ”.
In the case of Da Costa v. Hamilton Republican Club (187 Misc. 865, 868), the court in interpreting the rent regulations stated the following: “ It is true that the judgment of foreclosure directed that the purchasers at the sale be ‘ let into possession ’ and that the defendant be ‘ foreclosed of all right ’ in the property. The judgment, however, must be read in the light of the existing emergency statutes and regulations. The language used is customary in judgments of foreclosure, but such judgments have not customarily dealt with the novel situation presented by the building shortage and the legislative attempts to alleviate that shortage. The primary purpose of the judgment of foreclosure is to divest the mortgagor of ownership and to make the property, or its proceeds, available to the mortgagee in satisfaction of his claim. This transfer of title is neither affected by the emergency statutes, nor does it affect the rights of occupants under those statutes, except as specifically provided. Subdivision (d) of section 8 describes the circumstances in which a new owner may remove an occupant. The purchasee at a foreclosure sale should be in no stronger position than the ordinary vendee. The plaintiff may evict the defendant if the requirements of Subdivision (d) of section 8 are met. He should not, however, be allowed to substitute the present motion for a dispossess proceeding brought in accordance with the Emergency Rent Laws, nor should he be *939 permitted to deny to this occupant the protection afforded other lawful occupants merely because of the presence of the language traditionally employed in judgments of foreclosure.”
Final judgment is granted to the respondent dismissing the petition.