Harold F. Strohson, J.
After trial the court finds judgment in favor of the respondents, dismissing the petition. The petitioner has failed to show compliance with title 6, Economic Stabilization, part 301, Rent Stabilization Regulations section 301.502 as published in the Federal Register of December 30, 1971, effective December 29, 1971. In addition respondents have established that this proceeding constituted retaliatory action by petitioner in violation of subdivision (f) of the aforesaid regulation.
(1) Landlord’s petition seeks the recovery of possession of a certain apartment occupied by the respondents.
Petitioner claims the respondents are holdovers and seeks possession on the basis of a 30-day notice served pursuant to the provisions of the Real Property Law.
It is important to review certain dates which are critical in this proceeding. The lease between the parties was entered into on July 1, 1969, and covered the period of September 1, 1969 through August 31, 1971, at an agreed rental of $170 a month. The petition alleges that the respondents continued as month-to-month tenants after the expiration of their lease on August 31, 1971, at the agreed rental of $170 a month. The petition further alleges the 30-day notice of termination was served on January 31, 1972.
On August 15, 1971, 16 days prior to the expiration of the lease, the Federal wage-price freeze went into effect and stabilized all rents at the existing levels on that date. During the month-to-month tenancy commencing September 1, 1971, the Federal wage-price freeze was lifted to the extent of setting new guidelines with respect to rent increases. This occurred on November 15, 1971. Thereafter and on December 21, 1971, the petitioner submitted a proposed lease to the respondents which provided for a two-year term at a new rental of $205 per month or approximately 20% above the old rental.
At no time did the petitioner attempt to comply with subdivision (a) of section 301.502 of the Federal Economic Stabi *612 lization Regulations. Under that section the landlord must send the tenant a notice of proposed rent increase at least 30 days before the date such increase is to become effective. The regulation sets forth seven specifics that must be contained in the notice, as well as the manner of notification. None of these prerequisites were met by the petitioner.
Although this may seem to be a harsh rule, the court is mandated by the Congress and the Price Commission to invoke this rule so as to accomplish the results the Administration is attempting to effect by these regulations.
Accordingly, the attempt by the petitioner to treat the tenants as holdovers without complying with Federal regulations makes the proceeding ineffective.
Since the 30-day termination notice was made without complying with the Federal regulations, the petition failed to confer jurisdiction over the subject matter of this proceeding and it must therefore fall.
(2) The court also finds that petitioner’s attempt to evict respondents by the 30-day notice was retaliatory action by petitioner in response to tenants’ refusal to sign the new lease offered them and which called for an increase of approximately 20%.
For this reason also the petition is dismissed. However, the court feels that in the interest of justice the petitioner should have the opportunity to proceed by 30-day notice at any time after June 1, 1972, if so advised. The petitioner should not be punished permanently for his violation of the Stabilization Regulations.