Ahthohy V. Cercheara, J.
In a summary proceeding, the respondent moves to dismiss on the ground that the petition is insufficient in law.
The petition contains allegations that the premises, by reason of vacancy decontrol, are not subject to rent control and that the rent demanded is not greater than the maximum rent prescribed by the Federal Economic Stabilization Act (84 U. S. Stat. 796).
The thrust of the motion is basically that the petition fails to allege that the petitioner has complied with the rental increase procedures of the rules and regulations promulgated under the Economic Stabilization Act of 1970 (P. L. 91-379, 84 U. S. Stat. 796, as amd.), more particularly under section 301.502, the failure to give 30 days’ notice in writing.
*378 Upon argument in this motion, it appeared that a lease with a rider attached was executed by the parties on or about March 1, 1972, the rider providing as follows: “It is understood and agreed that during the time that rents are stabilized pursuant to Title 6 of the Code of Federal Regulations or any similar statute or regulation the monthly rent to be charged is $109.18, subject to allowable rent increases in accordance with such rules and regulations. When the rent is no longer subject to such Stabilization, then the rent to be charged is the contract monthly rent of $195.”
It appears that petitioner accepted $109.18 for the months of March, April and May, 1972, and now seeks the difference between that amount and the $195 monthly as provided for in the lease. Additionally, the petitioner seeks the lease rental in amount of $195 for the months of June, July, and August, 1972.
Section 301.501 of the stabilization regulations provides: “ No person may increase a rent, with respect to any transaction after December 28, 1971 * * * unless he has complied with this subpart, regardless of whether the increase is otherwise allowable under this part.” (emphasis supplied). Section 301.502 of the regulations provides the rental increase procedures to be followed, including the 30 days ’ notice and the seven specifics to be set forth therein.
The regulation relied upon was promulgated for the benefit of tenants and protects them against removal without being afforded an opportunity to ascertain the correct rental or to secure other accommodations. The regulation does not give the court any new jurisdiction or provide for any new form of proceeding but, on the contrary, it merely provides a condition precedent for the benefit of the tenant.
Summary proceedings are purely statutory. The petition must allege all the facts necessary to bring the cáse within the provisions of the statute permitting such remedy to give the court jurisdiction.
As it was necessary under New York State Rent Regulations to affirmatively allege compliance in a petition in summary proceedings, the same reasoning can be extended under refit controls pursuant to the stabilization regulations. In United Institutional Servicing Corp. v. Santiago (62 Misc 2d 935), the court stated (pp. 937-938)The statutory provisions and regulations are almost identical under the local law and the Statewide provisions. For that reason, the case law is equally applicable to the identical provisions.
*379 ‘ ‘ Compliance with these laws and regulations must he alleged in the petition in a summary proceeding, and even where it is alleged that the subject premises are no longer subject to rent control, a precise statement of the facts upon which such allegations are based must be set forth in the petition. (Giannini v. Stuart, 6 A D 2d 418.) ”
It follows that the failure to plead the ultimate facts upon which the proceeding is predicated, showing the compliance with the regulatory provisions and to annex a copy of the 30 days’ notice containing the seven specifics in the petition is jurisdictionally defective. (See Metz v. Forman, 69 Misc 2d 610.)
Accordingly, no notice being shown in the petition, this court holds that omission is jurisdictional and the petition is dismissed without prejudice.