Bentley Kassal, J.
In this nonpayment summary proceeding, respondent moves to vacate the default judgment and warrant of eviction, and dismiss the petition because there is no jurisdiction over the 'subject matter in that there has been an improper designation of the petitioner.
The petition in this action states that the petitioner is “ Abraham Greenspan ”, described as “ the attorney for Heritage Realty Corp.,” the landlord. It further states that “ the agent of the building is Abraham Greenspan ”. The notice of petition also refers to “ the annexed petition of Abraham Greenspan.”
The respondent’s sole objection is. based upon the fact that the caption on the notice of petition designates Heritage Realty Corp. as the “ Petitioner (Landlord) ”. Directly to the right of the capition is typed ‘ ‘ Abraham Greenspan, Attorney for Petitioner ”, together with his address.
Examining the petition and notice of petition together, it is clear that this is not intended to be a proceeding under subdivision 1 of section 721 of the Real Property Actions and Proceedings Law which is brought by a landlord or lessor, but rather one under subdivision 8 of section 721 brought by “ The legal representative, attorney, agent or assignee of the landlord ”. This is further expressly confirmed by the verification on the bottom of the petition page wherein it states that “ deponent is the attorney for the Landlord herein; that Section 721 Sub Division 8 of the Real Property Actions and Proceedings Law authorizes the making of this petition by Petitioner.” (Emphasis added.)
As such, it is apparent that the caption should have properly read “ Abraham Greenspan, petitioner ” or “ Abraham Greenspan, petitioner (as attorney for Heritage Realty Corp.) ” (300 West Realty Co. v. Wood, 69 Misc 2d 580, affd. 69 Misc *74 2d 582; see, also, Hirent Realty Corp. v. Mosley, 64 Misc 2d 1011.)
Thus, the question presented is whether this defect requires dismissal of the petition. While the court in the 300 West Realty case (supra) did dismiss such a petition, it did so based upon the special circumstances of that case and only after finding that the petition and notice of petition created an ambiguity as to the identity of the petitioner. It cannot be said that such a fatal ambiguity exists herein.
CPLR 104 provides that pleadings shall be liberally construed. When, as here, the petition and notice of petition are served simultaneously, and, in fact, are “back to back” on the same sheet of paper, they should be examined together to determine whether actual notice of the underlying claim has been fairly presented. In the body of the petition, Abraham Greenspan was clearly described as the petitioner and the attorney for the landlord, whose identity was equally clear. While the title on the notice listed the landlord as the petitioner, the body of the notice stated that the petition was that of Abraham Greenspan and his capacity. The tenant thus had knowledge that his landlord was demanding possession of the premises and that Abraham Greenspan was its representative in so doing. All of the parties were named for the respondent. At most, their capacities were mislabelled but not deceiving.
A mistake in the name or description of a petitioner is less likely to be prejudicial than other petition defects, and here no actual prejudice has been claimed or shown. Such a defect in the caption is a mere irregularity, amendable and not a “jurisdictional defect”. (Farrugia Bros. Corp. v. Preston, N. Y. L. J., June 27, 1972, p. 13, col. 3; Tandy & Allen Realty Corp. v. Rabitcheff, N. Y. L. J., May 3, 1972, p. 18, col. 3; CPLR 2001, 2101, subd. [f ]; Rosgro Realty Co. v. Braynen, 70 Misc 2d 808.)
Therefore, since this is an order to show cause to vacate a default judgment and warrant and the only claimed basis for such relief is the foregoing constituting lack of subject matter jurisdiction in this court, the motion is denied and the stay vacated forthwith.