Harold Fertig, J.
Petitioner, Francis V. Glasser, brings this petition to recover possession of real property as agent and attorney for Arthur J. Lee and Claire Lee, the owners of certain premises located in Matinecock, New York (Town of Oyster Bay). The respondents are a former employee of the prior owner and his family. Shortly after closing title to the subject premises on April 11, 1975, the present owner asked the respondents to vacate the premises. They failed to do so and this proceeding was commenced.
The facts are not in dispute, and after a hearing the respondent raised certain issues of law in defense of the proceeding. First, that there was no relationship of either landlord and tenant or employer and employee between the parties, and accordingly that this proceeding could not be brought under subdivision 11 of section 713 of the Real Property Actions and Proceedings Law. Second, that the petitioner named in the body of the petition was different from that named in the title of the proceeding, and the petition was therefore defective. And third, that the petition’s failure to indicate whether the premises were controlled or uncontrolled under any rent-control laws rendered the petition fatally defective.
Respondent’s rely upon the case of Giannini v Stuart (6 AD2d 418) for their claim that the failure to specify whether the premises are controlled or not controlled, as not complying with subdivision 4 of section 741 of the Real Property Actions and Proceedings Law. The Giannini case (supra) involved a premise located in the City of New York where rent control was in effect, and the court found that the failure to allege control or decontrol lacked specificity and was a jurisdictional defect. In the proceeding before this court, the locale of the *845 premises did not have any rent control laws in effect for any premises. This court cannot find that a failure to allege decontrol where none could exist can in any way fail to apprise the respondents of such specificity as would warrant a finding of a jurisdictional defect, so as to fail to comply with subdivision 4 of section 741 of the Real Property Actions and Proceedings Law. Because there is no rent stabilization or control law in effect in the locale where the property is located, it is clear from the face of the petition that these premises are not subject to any control (353 Realty Corp. v Disla, 81 Misc 2d 68; see, also, United Institutional Servicing Corp. v Santiago, 62 Misc 2d 935, 936, in which the court set forth "In the City of New York rent control is in effect”) and no specific reference need be made.
This court also finds that naming the owners as petitioners in the caption of the action instead of the petitioner, agent, who signed the petition is not a fatal defect or such an irregularity as to prejudice any of the parties. The respondents were aware from the nature and wording of the petition who the petitioner was and the relationship of all the parties (Heritage Realty Corp. v Heard, 77 Misc 2d 72). In the case of 300 West Realty Co. v Wood (69 Misc 2d 580, affd 69 Misc 2d 582), the court found that where the owner’s name in the caption differed from the petitioner agent, that was a fatal defect. However, in that case, the court states (p 582): "This solution is in keeping with the desire of the courts to arrive at a reasonable and practicable interpretation under the circumstances of each particular case (Lewis v Clothes Shack, 67 Misc 2d 621).” In that case the court was careful to point out that the landlord’s petition was based upon very minute but technical grounds, a deficiency of $1.45, and found that it could not countenance the eviction under those circumstances. The proceeding before this court more clearly identifies with Heritage Realty Corp. v Heard (supra). Here there are no special circumstances and no ambiguity. The petition clearly sets forth the petitioner Francis Glasser as agent attorney for Arthur J. Lee and Claire Lee "owner” of the premises. The mere fact that the caption did not recite that Francis V. Glasser was the petitioner as agent for Arthur and Claire Lee did not deceive the respondent. Such an irregularity was amendable but certainly not a jurisdictional defect. (See, also, Teachers Coll. v Wolterding, 75 Misc 2d 465, where name of petitioner was left out of caption altogether.)
*846 The final question for this court to consider is whether this proceeding is properly brought under the facts of this case. The respondent was the employee of the prior owner who sold these premises to petitioner’s principal on April 11, 1975. The petitioners claim to bring this petition under subdivision 11 of section 713 of the Real Property Actions and Proceedings Law. That statute states that a proceeding such as this may be brought when "The person in possession entered into possession as an incident to employment by petitioner, and the time agreed upon for such possession has expired or, if no such time has been agreed upon, the employment has been terminated; no notice to quit shall be required in order to maintain the proceeding under this subdivision.” Respondent argues that this petitioner was never the employer of this respondent, and therefore since this petition must be strictly construed, if the petitioner cannot fit his situation into one of the catagories set forth in section 711 or section 713 of the Real Property Actions and Proceedings Law, then he is religated to an action in ejectment (North Shore Motor Lodge Corp. v Land, 68 Misc 2d 87). After careful deliberation, the court finds that the relationship of this petitioner and respondent does not meet the requirements of subdivision 11 of section 713, since they never were employer and employee.
The evidence presented failed to show that any notice to quit was served since the petitioner relied on subdivision 11 of section 713 of the Real Property Actions and Proceedings Law, which does not require notice. No contract of sale was introduced to show the terms of sale, or what if any agreement was made with respect to the respondent or to define his relationship to the parties. The court therefore has no basis upon which to make a finding that this petitioner may be entitled to the relief claimed under any subdivision of section 713 or section 711 of the Real Property Actions and Proceedings Law. Consequently, the petition is dismissed without prejudice to a renewal upon proper papers and evidence, or the bringing of a new petition should the petitioner be so advised.
Settle judgment on notice.